TOM MCSTEEN CONTRACTING CO., APPELLANT, *v.* THOMAS MALONEY & SONS, INC. ET AL., APPELLEES

(No. 32494—Decided January 10, 1974.)

*Mr. Paul Mancino*, for appellant.
*Mr. William H. Huber*, for appellees.

DAY, J. On March 15, 1972, plaintiff-appellant, hereafter the "appellant," commenced an action in the Common Pleas Court against the defendant-appellees, hereinafter, the "appellees," seeking damages for the wrongful detention of an air compressor and related equipment. The appellees filed an answer together with a counterclaim filed by one of the appellees, Thomas H. Maloney & Sons, Inc. After preliminary motions, a stipulation was signed dismissing the complaint of the appellant and the cross-complaint of the appellee. The dismissal was journalized (Civil Journal 191, Page 131).

On or about October 25, 1972, the appellant filed a motion to vacate the dismissal and to reinstate the action. Appellant's basis for the motion was misrepresentation and lack of full disclosure by the appellees. Specifically, the appellant alleged that prior to the settlement of this case, a lawsuit was filed in Medina County by Thomas H. Maloney & Sons, Inc., in which Maloney sued Bill Filler Trenching Co. and thereafter, Bill Filler Trenching Co. filed a third-party complaint naming Tom McSteen Contracting Co. as a third-party defendant. Appellant alleged that he did not receive a summons from Medina County until after the dismissal of the action in Cuyahoga County Common Pleas Court and that both actions involved the same subject matter and transaction. The appellant moved to vacate the dismissal and reinstate the action because it claimed this second lawsuit had not been disclosed to it by the appellee and, in fact, an officer of the appellee had misrepresented the true status of the action.

All of the above allegations were in the appellant's motion to vacate the dismissal and reinstate the case. Thomas H. Maloney & Sons, Inc., one of the appellees, filed four objections to the motion. These were: (1) Civ. R. 41(A)(1) controlled the entry made by the Court of Common Pleas on or about September 27, 1972; (2) appellee is not entitled, as a matter of law, to have his case reinstated; (3) the appellee did not conceal or misrepresent anything to appellant; and (4) the lawsuit in Medina County has no relation to the action and counterclaim in the instant case.

Without conducting a hearing into the various factual allegations, the trial court overruled the motion to vacate. Appellant appeals from the denial of the motion.[2] Appellee filed no brief in this court.

The appellant assigns one error:

1. "The court committed prejudicial error in having an evidentiary hearing on the issues raised in the motion for relief from judgment." (sic)[3]

We find the assignment of error not well taken for reasons which appear below. We affirm.

A motion to vacate a judgment under Civ. R. 60(B) usually originates with a losing party and, where the losing party is a defendant, should be granted when (1) the motion is accompanied by an answer setting up a valid defense and (2) a claimed ground for vacation is meritorious. A hearing or other evidence may be required to clarify the claimed defense if the rules of pleading would be offended by incorporating sufficient facts in the answer to disclose the defense. Also, a hearing or other evidence may be necessary to determine the validity of an alleged ground for vacation even though meritorious on its face, cf. *Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209, 213, 215. Both the validity of the defense and the merit of

---

[2] The overruling of a motion to vacate is a final appealable order, cf. *Claxton* v. *Simons* (1963), 174 Ohio St. 333, 336.

[3] Apparently, there was an omission, no doubt by inadvertence, of the crucial word "not." We shall treat the assignment as though "not" were included.

the ground for vacation require a factual basis for adjudication.[4] The procedure to be followed and the requirements which the movant must satisfy for relief from judgment depend in some degree upon the circumstances under which the judgment was obtained, *Matson v. Marks* (1972), 32 Ohio App. 2d 319, 322. Of course, the function of any hearing procedure is to allow the court to make an informed judgment.

The facts in the present case pose the vacation issue in a somewhat unusual stance. Here an entry dismissing the case resulted from a stipulation by the parties to the lawsuit. The present appellant, who was plaintiff below, contends that his adherence to the stipulation was procured by misrepresentation[5] and asks for relief from the resulting judgment. However, facts supporting appellant's claims are not apparent on the face of the record and all its contentions are incorporated in a motion unsupported by any evidentiary material.

Whenever a motion to vacate does not find support on the face of the record or is not accompanied by an affidavit or other evidence to support a vacation, it is not error to deny the motion without a hearing. Therefore, the overruling of the motion in this case without a hearing was not error.

The disposition renders consideration of the problem scouted in footnote 5 unnecessary.

The judgment below is affirmed.

*Judgment affirmed.*

KRENZLER, P. J., and CORRIGAN, J., concur.

---

[4]Patently, the conclusive determination of the validity of the defense must await trial on the merits. The effect of a 60(B) determination goes no further than to suggest a tenable defense if ultimately proven.

[5]Because the appellant was plaintiff below, the valid defense prerequisite can have no relevance for him. Query, must a plaintiff seeking vacation after a dismissal allege and demonstrate a cause of action sufficient to withstand demurer (in current parlence a "motion to dismiss")?