ADVANCE MORTGAGE CORPORATION, APPELLEE, *v.* NOVAK
ET AL., APPELLANTS.

[Cite as Advance Mortgage Corp. v. Novak (1977),
53 Ohio App. 2d 289.]

(No. 36178—Decided September 1, 1977.)

*Mr. Thomas E. Betz,* for appellee.
*Mr. Paul Mancino, Jr.,* for appellants.

CORRIGAN, J. The plaintiff filed an action to foreclose upon a mortgage on August 24, 1972. The plaintiff named several defendants who had various liens on the real

estate, in addition to the mortgagor who was allegedly in default on her payments. The appellant filed her answer and counterclaim on November 21, 1972.

The appellee contends that on December 20, 1974, immediately following the deposition of the appellant, Mrs. Novak, an oral agreement was reached to settle the litigation. On May 14, 1975, the matter was referred to a referee, and subsequently, for reasons unclear from the face of the record, again referred to a referee on July 18, 1975. On November 14, 1975, the referee's report was filed, which allegedly reflected the agreement of the parties reached several months earlier. On November 17, 1975 a journal entry adopting the recommendations of the referee was filed by the court.

On January 23, 1976, the appellant filed a motion for relief from judgment. The journal entry which was filed was signed by counsel for the appellee and also bore endorsements for each of the counsel representing the four defendants. The names of these counsel, however, were signed with the notation "per authorization" following the signatures. The motion for relief from judgment and accompanying affidavit denied that counsel for appellant consented, agreed or authorized his signature on the journal entry. Counsel for Advance Mortgage Corporation and Lincoln National Life Insurance Company filed briefs in opposition to the motion for relief and affidavits outlining the alleged settlement agreement of December 20, 1974. On March 1, 1976, without conducting a hearing, the trial court overruled the motion for relief from judgment. The appellant assigns the following errors:

"1. The court committed prejudicial error in overruling the motion for relief from judgment.

"2. The court committed prejudicial error in ruling upon the motion for relief from judgment without a hearing to resolve the factual disputes in this case.

"3. The court committed prejudicial error in not making any findings and overruling the motion for relief from judgment.

"4. The court committed prejudicial error in approv-

ing the journal entry and not complying with Rule 53 of the Ohio Rules of Civil Procedure.

"5. Other errors apparent upon the face of the record and occurring during the course of the proceedings.''

The first three assignments of error concern the proper procedures to be followed by a trial court when 'ruling on a motion for relief from judgment, and shall be treated together.

Prior to the adoption of the Civil Rules in Ohio, the legislature had provided for relief after judgment in R. C. Chapter 2325. Those sections of the revised code which were in conflict with the provisions of the Civil Rules were repealed by Section 1 of House Bill 1201, effective July 1, 1971. Once the time for direct appeal has run, the only procedure to attack a judgment is pursuant to Civil Rule 60(B).

The provisions of Civil Rule 60(B) represent a balance between the legal principle that there should be finality in every case, so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgments should be reopened. See *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97. Although the court in *Adomeit, supra,* noted that Civil Rule 60(B) applies to the vacation of all judgments, including cognovit judgments, default judgments, summary judgments, and judgments after trial, the concern of the court in that case was limited to a motion for vacation of a default judgment. To prevail on a motion brought pursuant to Civil Rule 60(B), the court in *Adomeit, supra,* required that the movant demonstrate that the motion was timely, that the reason for seeking relief fell within one of the grounds stated in Civil Rule 60(B)(1) through (5), and that the movant had a valid defense to present if relief were granted. These criteria were recently reaffirmed by the Ohio Supreme Court in another case concerning the setting aside of a default judgment. See *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146.

The motion for relief from judgment in this case was

filed slightly over two months after judgment had been rendered aand was timely. The motion stated that the signature of counsel for the appellant was placed on the proposed journal entry without authorization or consent and therefore fell within the grounds outlined in Civil Rule 60(B)(3). The courts in Ohio have not addressed the issue as to whether it is necessary, after trial in a 60 (B)(3) proceeding, to allege a defense. We hold that the assertion of a valid defense is not required in such cases.

Although the requirement that a movant assert a valid defense is not included in the language of Civil Rule 60(B), the courts have imposed this additional burden. In the context of an action to set aside a default judgment, a summary judgment, or a judgment on a cognovit note, the requirement of asserting a valid defense is an attempt to ensure that the general principal of finality is not lightly cast aside. The courts therefore have established a policy of denying a motion for relief from judgment unless the movant can demonstrate some likelihood of success on the merits by asserting a valid defense.

The requirement of asserting a valid defense takes on quite a different character, however, in a case such as this, where the movant has had his day in court and the facts have been determined by a referee and approved by the court. The allegation of the appellant here is that the court reached the conclusions reflected in the judgment entry due to the fraud or misrepresentation of an adverse party. The justification for reopening a final judgment in this case is not tied to whatever facts may have been raised or proven to establish a defense to the action at trial. The rationale of the rule was to preserve a procedure and a forum so that parties alleging fraud or misrepresentation as grounds for setting aside a judgment could be heard, and where proper relief could be granted. As the federal courts have noted, Civil Rule 60(B) was not intended to be a substitute for direct appeal, and therefore we find that the allegation of a defense is not relevant under the circumstances of this case. *See Pagan v. American Airlines, Inc.* (C. A. 1, 1976), 534 F. 2d 990.

We hold that since the allegation of fraud or misrepresentation, if established, has long been recognized as a sufficient ground for setting aside a judgment rendered after trial; and since Civil Rule 60(B)(3) is the only existing procedure to directly attack such a judgment, the requirement of asserting a defense is not applicable

The procedural requirements for the application of Civil Rule 60(B) must be interpreted to satisfy the rule's purpose of doing substantial justice. In a case involving a stipulation allegedly procured by misrepresentation, this court stated that the requirement of a valid defense was not relevant since the appellant was plaintiff below. *Tom McSteen Co.* v. *Thomas Maloney Inc.* (1974), 39 Ohio App. 2d 31, note 5 at 34. The court also noted that,

"A hearing or other evidence may be required to clarify the claimed defense if the rules of pleading would be offered by incorporating sufficient facts in the answer to disclose the defense. Also, a hearing or other evidence may be necessary to determine the validity of an alleged ground for vacation even though meritorious on its face, cf. *Bremner* v. *Shore* (1973), 34 Ohio App. 2d 209, 213, 215." *McSteen, supra,* at 33.

In this case the lower court should have held a hearing to determine the validity of the alleged Civil Rule 60 (B)(3) charge. In this case, unlike the situation in *McSteen, supra,* the trial court had conflicting affidavits concerning the alleged settlement of the case. It was an abuse of discretion by the trial court to summarily dismiss the appellant's motion for relief without first holding a hearing to settle the factual dispute raised by the competing affidavits. *Adomeit, supra.*

Since the case must be remanded to the trial court for a hearing on the motion, this court will not comment on the merits of the motion. The first assignment of error is overruled and the second assignment of error is well taken. It has been strongly urged by this court in *Adomeit* that the trial court set forth its reasons for granting or denying a Rule 60(B) motion. The failure to do so may frustrate judicial economy and efficiency in

some cases, but does not always constitute reversible error. In this case since the facts involved in the motion are not complex, and since the contentions of each party are set forth in the competing affidavits which were filed in conjunction with the motion for relief from judgment, the failure to file findings of fact and conclusions of law did not constitute reversible error. The third assignment of error is overruled.

The appellant's fourth assignment of error raises for the first time an alleged violation of Civil Rule 53(E)(2) since the report of the referee was approved and entered as a matter of record three days after being filed with the trial court. This error was not called to the attention of the trial court in appellant's motion for relief from judgment and will not be considered at this time. *State* v. *Morris* (1975), 42 Ohio St. 2d 307.

As this court has consistently reminded the counsel for the appellant, errors not specifically pointed out and separately argued may be disregarded. Appellate Rule 12(A). The fifth assignment of error is without merit.

The judgment of the lower court is reversed, and the case is remanded for a hearing on the motion for relief from judgment.

*Judgment reversed.*

PATTON, J., concurs.
KRUPANSKY, J., dissents.

KRUPANSKY, J., dissenting. I respectfully dissent from the majority for the following two reasons:

First, in his motion appellant's attorney was very careful to narrowly assert his ground for relief from judgment. He alleged never having authorized anyone to sign the agreement for him, but he refrained from stating he did not enter into the agreement as signed. This is demonstrated by the following quotation from his motion:

"The undersigned *did not consent to the signing of the judgment entry* and whoever signed the name of the

undersigned on the approval part of the journal entry did not have the authority nor the consent of the undersigned.

"The undersigned just learned of the entry having been made when the defendant, JOSEPHINE M. NOVAK, called the undersigned and stated that some men were there from court looking at the property and stated that it would be sold very shortly. Upon checking this on January 22, 1976, it was determined that a journal entry had been signed and filed for record. A review of the journal entry shows that the signature of the undersigned was not made by him but it was made by someone else alleging that there was consent.

"*The undersigned did not consent to this* and there are claims and cross-claims in this case and the amounts are in dispute in this case." (Emphasis added.)

It is clear from the above language that appellant's attorney never claimed not to be bound by the agreement of December 20, 1974. He merely claimed his signature on the judgment entry was not authorized.

In order to justify a hearing on a motion for relief from judgment, it must be shown that the allegations, if proved, would result in a different outcome. This is the purpose of requiring a movant under Civil Rule 60(B) to assert a valid defense. Some showing of prejudice must be made in order to ensure that final judgments are not lightly cast aside. In the present case, the allegations are insufficient to support the conclusion that appellant was entitled to a hearing. Even if appellant's attorney proved all that he alleged, the question whether he had entered into a binding settlement agreement would remain.

The practice of allowing attorneys to sign journal entries on behalf of other attorneys should not be condoned. This case presents a good example of the problems that can arise. However, no prejudice to appellant has been claimed, so the lower court was justified in overruling the motion for relief from judgment.

The question that must be asked is: If the movant proves what he alleges, would it change the result or is

the motion just a delaying tactic? In the present case, appellant's attorney did not allege anything that would require a change in result. We should avoid burdening the court unnecessarily by remanding this case for a hearing when there is no reasonable expectation appellant will succeed in proving she was not bound by the agreement.

Second, the majority stated: "The requirement of asserting a valid defense takes on quite a different character, however, in a case such as this, where the movant has had his day in court and the facts have been determined by a referee and approved by the court." An examination of the record indicates no independent factual determination was ever made by the referee. Appellee alleges the parties agreed to a settlement following the deposition of appellant on December 20, 1974. According to appellee, the parties agreed that appellee could proceed to file its journal entry for foreclosure thirty days from December 20, 1974. The various counterclaims and third-party claims would be dismissed. Appellee eventually filed the entry on November 17, 1975. It seems the referee simply based his findings on the document presented by appellee, to which all parties allegedly agreed. Consequently, this case is not significantly different than those mentioned by the majority involving judgments before trial and requiring the assertion of a valid defense.

For these reasons and those in *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, I would affirm the judgment of the trial court.