**SCHAFER, Appellant,**

v.

**CONTINENTAL AIRLINES, INC., Appellee.**

[Cite as *Schafer v. Continental Airlines, Inc.* (1989), 62 Ohio App.3d 855.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–1197.

Decided May 18, 1989.

*Richard E. Schafer, pro se.*

*Emens, Hurd, Kegler & Ritter, S. Martijn Steger* and *Thomas W. Hill,* for appellee.

BOWMAN, Judge.

In 1988, appellant Richard E. Schafer filed suit seeking to recover compensatory and punitive damages for a second set of five airplane tickets appellant was required to purchase when appellant and his family missed an earlier flight for which he had previously purchased tickets in the amount of $508. After suit was filed, appellant was contacted by a representative of Continental Airlines, Inc., appellee, to discuss the possibility of a settlement. Following the telephone conversation between appellant and Vincent Nguyen, a law clerk employed by appellee, appellee did not file an answer and appellant obtained a judgment by default in the amount of $1,306.

Appellee filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1), (3) and (5), and attached an affidavit from Nguyen. Appellant filed a response supported by his own affidavit. The trial court granted appellee's motion without conducting an evidentiary hearing and appellant appeals setting forth the following assignment of error:

"The trial court erred and abused its discretion in granting defendant's motion for relief from judgment as indicated on its second amended 'half sheet' entry dated November 29, 1988 decision as recorded on the 'half sheet' of the court file."

The issue herein is not as appellant argues, whether a settlement agreement existed and what the terms of that settlement agreement were, but whether appellee had a good faith belief that the matter had been resolved and should be relieved from judgment on the basis of excusable neglect.

The affidavits filed in support of and in opposition to the motion for relief from judgment set forth conflicting facts. The affidavit of Nguyen states that:

"5. I offered to him that Continental would refund the amount of the extra tickets he had to purchase, upon receipt from him of a doctor's bill that verified his son had been injured in Arizona on this trip.

"6. Mr. Schafer indicated that my offer was acceptable and that he would try to find the information and send it to me for my review.

"7. Mr. Schafer also indicated to me that he would not proceed with his lawsuit pending my receipt and review of the doctor's bill.

"* * *

"9. Therefore, Continental did not prepare and file an answer to Mr. Schafer's complaint, based upon Continental's good faith understanding that an agreement had been reached to resolve this matter, subject to Mr. Schafer's provision to Continental of the document to verify his claim."

However, the affidavit of Schafer states:

"Mr. Nguyen made a conditional offer to me which I did not accept in any way, shape or form. Mr. Nguyen's statement in Paragraph 7 of his affidavit, 'Mr. Schafer also indicated to me that he would not proceed with his lawsuit pending my receipt and review of the doctor's bill' is an outright fabrication."

In *U.A.P. Columbus JV326132 v. Plum* (1986), 27 Ohio App.3d 293, 294–295, 27 OBR 338, 339, 500 N.E.2d 924, 926, this court stated:

"The trial court has discretion whether to hold a hearing before ruling on the motion. Where grounds for relief from judgment appear on the face of the record, a court may grant the motion without a hearing. *Matson v. Marks* (1972), 32 Ohio App.2d 319 [61 O.O.2d 476, 291 N.E.2d 491], paragraph five of the syllabus; *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9 [7 O.O.3d 5, 371 N.E.2d 214], syllabus. However, where grounds for relief from judgment appear on the face of the record, a court abuses its discretion and may not overrule the motion unless it first makes a factual determination of the alleged grounds for relief adverse to the movant. *Matson v. Marks, supra,* paragraph six of the syllabus. In other words, if movant's Civ.R. 60(B) motion contains allegations of operative facts warranting relief, the trial court should grant a hearing to take evidence and either discredit or verify these facts before ruling. *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16 [5 OBR 73, 76, 448 N.E.2d 809, 812]; *Twinsburg Banking Co. v. RHEA Constr. Co.* (1983), 9 Ohio App.3d 39 [9 OBR 41, 458 N.E.2d 440], syllabus; *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97 [68 O.O.2d 251, 316 N.E.2d 469], paragraph four of the syllabus; see, also, *Advance Mortgage Corp. v. Novak* (1977), 53 Ohio App.2d 289 [7 O.O.3d 338, 373 N.E.2d 400], paragraph two of the syllabus."

While the facts alleged in appellee's affidavit could be the basis for a finding of excusable neglect, the trial court abused its discretion in granting appellee's motion without holding an evidentiary hearing to resolve the issue as to whether appellee had a good-faith belief a settlement had been reached in view of appellant's adamant assertion that the offer was never accepted. Such a decision requires a determination as to the credibility of the affiants, which cannot be made from the face of the record.

For the foregoing reasons, appellant's assignment of error is sustained and the judgment of the trial court is reversed and this matter is remanded for further proceedings in accordance with this decision.

*Judgment reversed*
*and case remanded.*

WHITESIDE and AMMER, JJ., concur.

WILLIAM AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment.