## Kasputis v. Blystone
*[Cite as 2 AOA 658]*

*Case No. 88-A-14116*
*Ashtabula County, (11th)*
*Decided April 20, 1990*

*Civ. R. 55*
*Civ. R. 60(B)*

*Gary L. Yost, Esq., 36 W. Jefferson Street, Jefferson, Ohio 44047.*

*Richard D. DiCicco, Esq., 29435 Euclid Avenue, Wickliffe, Ohio 44092, For Defendants-Appellants.*

*Edward F. Kasputis, Pro se, 1142 Hanna Building, Cleveland, Ohio 44115, Appellee.*

CHRISTLEY, P.J.,

On July 18, 1988, appellee Edward Kasputis initiated an action on a cognovit note in the Ashtabula Court of Common Pleas. This action was filed against the maker of the note, appellant Gerald Blystone, and the two original payees, Kaino and Milford Wheeler. The complaint alleged that appellee had been assigned the note after a series of transactions and that the amount owed was past due.

A copy of the cognovit note was attached to the complaint. Dated October 6, 1977, the note provided that appellant promised to pay the Wheelers the sum of $25,000 in four years, with interest of eight percent per year. The note also contained the following statement: "that this note is to reflect one-half of the balance owed to Vivian C. Kasputis that is due and payable from Milford B. Wheeler and Kaino M. Wheeler."

Summons on the complaint was sent to each defendant by certified mail. The return receipts for the Wheelers were filed on July 25 and showed that both had been served three days earlier. Appellant, though was not served until August 4, and the return receipt was not filed until the following day. Before the docket could reflect this, appellee requested the clerk of court to send appellant a copy of the summons via ordinary mail. This was done on August 8.

After having been granted an extension of time in which to plead, the Wheelers answered and also asserted a cross-claim against appellant. On the other hand, appellant never filed any type of response to the complaint. Accordingly, on September 2, appellee moved for a default judgment. The trial court granted the motion the same day, and appellee then initiated garnishment proceedings against appellant.

Upon receiving notice that his bank accounts had been attached, on October 11, appellant filed a motion for relief from the default judgment, pursuant to Civ. R. 60(B). As grounds for the motion, appellant maintained that he had not understood the consequences of failing to respond to the complaint and that his inaction constituted excusable neglect. Appellant also alleged that he had thought his obligation under the note had been assumed by the person who bought the business he had owned with the Wheelers. Appellant untimely filed his answer while the motion for relief was pending. This answer was attached to a supplemental memorandum in support of the 60(B) motion. This memo simply referred to the answer. It did not restate the defenses set forth in the answer. In fact, the reference to the answer was not even specifically framed in terms of the defense issue.

After appellee had responded to the motion, a hearing was held on the matter. Testimony presented at that proceeding showed that in 1977, the Wheelers had purchased a local bar from appellee's mother, Vivian Kasputis. As part of the transaction, the Wheelers then sold half of the business to appellant, as is shown in the cognovit note. After one year, the Wheelers had tried to sell the entire business, but the deal fell through.

Five years later, a foreclosure action was initiated against the Wheelers, based upon the promissory note they had given Vivian Kasputis in buying the business. As part of the settlement, the Wheelers had negotiated the cognovit note to Vivian's estate. The note was eventually transferred to appellee, although he no longer knew where the original was.

In relation to the 60(B) motion itself, appellant testified that he had contacted Milford Wheeler after receiving the summons and that he had been under the impression that the Wheelers would handle it. However, Wheeler stated that he had told appellant to contact an attorney.

On the same day the hearing was held, appellee voluntarily dismissed the action as to the Wheelers, without prejudice. Also, the Wheelers voluntarily dismissed the cross-claim against appellant, again without prejudice.

Based upon the evidence presented at the hearing, the trial court denied appellant's motion. The court specifically found that appellant had ignored the summons and that he had not asserted a meritorious defense to appellee's claim.

On appeal to this court, appellant has assigned both the original default judgment and denial of appellant's Civ. R. 60(B) motion. His assignments are as follows:

"1. The trial court erred to the prejudice of defendant-appellant in entering judgment by default prior to the answer date endorsed on the summons.

"2. The trial court erred to the prejudice of defendant-appellant in granting a default judgment without conducting an evidentiary hearing to take proof of liability and damages.

"3. The trial court erred to the prejudice of defendant-appellant in overruling his motion for relief from judgment.

As noted above, two separate summons were sent to appellant in this case. The first was sent by certified mail and was received on August 4. Pursuant to Civ. R. 12(A), appellant then had twenty-eight days, September 2, in which to respond. The second summons was sent by ordinary mail on August 8. According to the docket, this summons contained language stating that the answer was not due until September 5.

Appellee's motion for a default judgment was both filed and granted on September 2. This date corresponded to the end of the twenty-eight day period under the summons sent by certified mail, but was three days before the end of the answer period under the second summons. In his first assignment of error, appellant contends that the trial court erred in granting the default judgment before the end of the answer period under the second summons. Appellant argues that the court lacked jurisdiction to grant the judgment.

Civ. R. 4.1(1) provides that unless the civil rules state otherwise, service of process shall be accomplished by certified mail. Since appellant lived in Ohio and his residence was known, the only applicable exceptions in this case would be personal service and residence service. Civ. R. 4.1(2) & (3). Ordinary mail can only be used in one specific instance. Civ. R. 4.6(C) states, in part:

"(C) Service refused. If service of process is refused, and the certified mail envelope is returned with an endorsement showing such refusal, or the return of the person serving process states that service of process has been refused, the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with

the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant***."

In this case, appellee did not request that personal or residence service be used; thus, the summons was initially sent by certified mail. Before this summons had been returned showing that the service had been refused, appellee asked the clerk to send another summons by ordinary mail. This action on his part was superfluous and to no effect.

The question, moreover, is not before this court as to whether appellee's actions would have been sufficient grounds to warrant the vacation of the judgment, under Civ. R. 60(B)(5), or if appellant had answered by the second date.

Nevertheless, there is no indication in the record that appellant was indeed confused as to when his response was due. Appellant did not file anything with the trial court until October 11. Thus, the trial court was never actually faced with the situation in which appellant had answered before the second twenty-eight day period. Appellee's actions were accordingly not prejudicial in this instance even if they were otherwise grounds for reversal.

In his second assignment, appellant submits that the trial court erred in granting the default judgment without holding an evidentiary hearing. He maintains that the court should have taken evidence on the issues of liability and damages. This argument is based primarily on the following language found in Civ. R. 55(A):

"***If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth or ann averment by evidence or to make an investigation of any other matter, the court may conduct such hearings*** as it deems necessary and proper***."

In interpreting this aspect of the default rule, this court has held that proof of damages, and thus a hearing, is not needed when the damages sought under the complaint were liquidated. *Bank One* v. *Dressler* (May 19, 1989), Portage App. No. 1971, unreported. The basis for this holding is that the amount of damages sought was specific, and that this issue had been admitted when the defendant failed to answer. See, *Farmers & Merchants State & Savings Bank* v. *Raymond G. Barr Enterprises* (1982), 6 Ohio App. 3d 43. This principle clearly would be applicable in this case, since appellee only sought the value of the note, plus the interest.

Appellant also asserts that the trial court should have held an evidentiary hearing on certain aspects of the liability question. Appellant contends that he would have asserted certain defenses against the claim. However, in failing to answer, appellant waived any alleged defense he may have had. Before rendering a default judgment, the court is only required to determine whether the complaint states a cause of action. *Buckeye Supply Co.* v. *Northeast Drilling Co.* (1985), 24 Ohio App. 3d 134. Since appellee had attached a copy of the note to his motion, the court had sufficient material before it to make this determination and render the judgment.

Generally, the decision to hold an evidentiary hearing before granting a default judgment is a matter within the trial court's discretion. *Bank One* v. *Dressler, supra.* Under the circumstances in the case, the trial court did not abuse that discretion in not holding a hearing.

In his final assignment of error, appellant addresses the merits of the trial court's decision on his motion for relief from judgment. Appellant simply claims that he satisfied the three criteria for prevailing on a motion to vacate under Civ. R. 60(B), and that the trial court erred in denying that motion. This argument also lacks merit.

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, paragraph two of the syllabus.

In relation to the first criterion, the existence of a meritorious defense, appellant refers to a number of defenses which were asserted in his answer. This pleading was eventually filed while the motion to vacate was pending. The majority of defenses raised in the answer were against the Wheelers as the original payees under the cognovit note. These defenses included an allegation of a failure of consideration. As to appellee, the only defense the answer raised was that appellee was not a

holder in due course and was accordingly subject to the defenses appellant might have against the Wheelers. This argument was also asserted during the motion hearing.

As noted earlier, a copy of the cognovit note was attached to appellee's complaint. On its face, this instrument appears to satisfy the four criteria for negotiability. Specifically, the note is signed by the maker, contains an unconditional promise to pay $25,000, is payable on a definite date, and is payable to order. See, R.C. 1303.03(A). In addition, R.C. 1303.11(A)(4) provides that the inclusion of a clause authorizing a confession of judgment does not affect a note's negotiability.

Concerning whether appellee was a holder in due course, appellant failed to present a specific argument in support of his position. However, the face of the cognovit note itself shows that appellee was not a holder in due course when the instrument was transferred to him. To be a holder in due course, the holder must obtain the note in the following manner: "*** (1) for value; and (2) in good faith; and (3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." R.C. 1303.31(A).

The note in this case provides that the amount owed to the Wheelers was due on October 6, 1981. According to the endorsements on the back of the note, appellee did not become holder until April 2, 1988. In taking the note at that time, appellee clearly had notice from the fact of the note that it was overdue. Under these circumstances, appellee was a mere holder of the note and would now be subject to any defenses which appellant might have against the Wheelers. See, 71 Ohio Jurisprudence 3d (1988) 422, Negotiable Instruments, Section 369.

As noted above, appellant's defenses as to the Wheelers were asserted in his answer. This pleading was attached to a motion to file the answer instanter. While there is no indication that the trial court granted this motion, the proposed answer was, nevertheless, in the record and before the court when it rendered its decision on the motion to vacate.

In this answer, appellant alleged, *inter alia,* that the Wheelers never gave him a half interest in the bar, as had been agreed. This allegation raised the defense of failure of consideration, which would certainly be a valid defense to appellee's claim if supported by operative facts. However, after raising this issue in his memorandum in support of his 60(B) motion, appellant did not submit any evidentiary materials in relation to this or any other defense raised in the answer. Thus, this was not a question of insufficient evidence, it was a matter of *no* evidence.

As has been noted by numerous courts in this state, Civ. R. 60(B) does not contain any specific provision concerning the submission of evidentiary materials in support of a motion for relief from judgment. As a result, certain courts have held that the moving party is not obligated to present any evidence in support until required to do so by rule or order of the trial court. See, *e.g., Matson* v. *Marks* (1972), 32 Ohio App. 2d 319, fifth paragraph of the syllabus. Instead, the motion must only contain allegations of operative facts which would warrant the relief requested or an evidentiary hearing. *Massillon Cable TV, Inc.* v. *Spring* (Aug. 17, 1987), Stark App. No. C.A.-7122 and C.A.-7147, unreported.

In contrast, other appellate districts have held that mere allegations are not sufficient. Under this analysis, the trial court may overrule a 60(B) motion without a hearing when the movant fails to attach evidentiary materials which establish operative facts satisfying the three criteria. *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216; *Tom McSteen Co.* v. *Thomas Maloney, Inc.* (1974), 39 Ohio App. 2d 31. In reaching this conclusion, these courts have emphasized that the movant had the burden of proof and is not automatically entitled to relief or even a hearing on the matter. *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97. This holding has been adopted in this jurisdiction. See, *e.g., Jones* v. *Ball* (Nov. 24, 1989), Ashtabula App. No. 88-A-1411, unreported.

Specifically, in relation to the first criterion of a meritorious defense, the Supreme Court has also stated that the movant is not required to prove that he will ultimately prevail it relief is granted. Beginning in *Colley* v. *Bazell* (1980), 64 Ohio St. 2d 243, the court has repeatedly held that the burden on the moving party is only to *allege* operative facts which would constitute a meritorious defense if found to be true. See, also *Moore* v. *Emmanuel Training Ctr.* (1985), 18 Ohio St. 3d 64; *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348.

Regardless of the amount of evidentiary materials which must accompany the motion itself, it is well settled that once a hearing has been granted, the movant must present some evidence in support:

"If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court may grant a hearing to take evidence and verify the facts before it rules on the motion." *Adomeit, supra,* at 105.

This particular aspect of the *Adomeit* decision was adopted by the Supreme Court in *Coulson* v. *Coulson* (1983), 5 Ohio St. 3d 12. Per *Adomeit,* this requirement would apply to *each* of the three criteria which the movant must satisfy, including the demonstration of a meritorious defense or claim.

In *Rose Chevrolet, Inc.* v. *Adams* (1988), 36 Ohio St. 3d 17, the plaintiff was granted a default judgment after the defendant has failed to answer within twenty-eight days. Similar to the facts in the present case, the defendant then moved the trial court for relief from judgment alleging excusable neglect and attaching a copy of her proposed answer to the motion. Based solely upon the allegations contained in the answer, the Supreme Court held that the first prong of the *GTE* test had been met. "If any of these allegations can be proved, appellant [defendant] would have a meritorious defense to appellee's claim." *Id.* at 20.

In *Rose,* a claim of meritorious defense was raised in the motion vis a vis the attached answer, and was buttressed by a recitation of specific operative facts. Clearly that claim of a meritorious defense was sufficiently specific to require, at least, a hearing. Thus, as to that issue, the trial court had the option of either granting relief without a hearing (assuming the other two prongs were satisfied), or granting a hearing for the purpose of "verifying" those "operative facts."

A hearing was held in *Rose* on the defendant's 60(B) motion. However, a transcript of this hearing was not provided to the appellate court when it reviewed the case. In rendering its decision, the Supreme Court stated that its review was accordingly limited to the materials which were attached to the motion itself. Thus, the court did not address the *Adomeit* requirement of verification of the allegations once a hearing has been granted.

Thus, the Supreme Court decision in *Rose* did not overrule *Coulson* because its review of *Rose* did not, and could not, determine if the evidence presented at the hearing supported or contradicted the assertion of a meritorious defense. Had a record of the evidence presented at the hearing been unsupportive of the claimed defense, we doubt very much whether the court would have continued to support the sufficiency of the defense put forth in the answer if that defense was not "verified" by the evidence presented at the hearing.

As we noted earlier, the Supreme Court specifically approved the language in *Adomeit* requiring the verification of facts alleged in the 60(B) motion once a hearing has been granted. *Coulson, supra.* Thus we conclude that, as to this issue, *Rose* is harmonious with *Coulson* and *Adomeit,* absent language to the contrary.

In the instant case, appellant did not present *any* evidence at the hearing concerning his alleged defenses. As the trial court stated, appellant merely relied upon his motion in this regard. Under the foregoing analysis, mere allegations of a meritorious defense are not sufficient once a hearing has been granted. While the moving party is not necessarily required to prove his defense at the 60(B) hearing, he must present some evidence on the point. Thus, appellant failed to satisfy the first prong of the *GTE* test.

Further, this court also finds that appellant failed to satisfy the second criterion of grounds for relief for vacating the judgment. Appellant contended that his actions, in failing to answer the complaint constituted excusable neglect, as he supposedly believed that the Wheelers would protect his interests in the lawsuit. This belief was allegedly based upon actions the Wheelers had taken on his behalf in prior years.

However, appellant's own testimony at the hearing contradicted this position. Upon receiving the first summons, appellant called Milford Wheeler and asked about the meaning of the complaint. According to appellant, Wheeler stated that he had contacted an attorney. But appellant also specifically testified that Wheeler did not state that they would take care of it for him. In addition, Wheeler testified that he told appellant to contact his own attorney.

Based upon this evidence, the trial court could readily conclude that appellant's alleged reliance upon the Wheelers was not reasonable and that his failure to answer or at least appear before being notified of the garnishment proceedings was due to simple neglect. Given the limited record before this court, the trial court's determination on this point does not constitute an abuse of discretion.

Appellant clearly satisfied the third criterion, in that the motion was filed within a

reasonable time. However, in order to prevail on a 60(B) motion, the movant must satisfy all three criteria.

Thus, the trial court did not err in denying appellant's motion.

*Judgment affirmed.*

FORD, J.,DONOFRIO, J., Seventh Appellate District, sitting by assignment, Concur.