### Bank One
### v.
### The Salem China Co.
*[Cite as 3 AOA 157]*

*Case No. 89-C-27*
*Columbiana County, (7th)*
*Decided May 16, 1990*

*Jeffrey Fleck, 1100 Wick Building, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*John T. DeFazio, 718 North Market Street, Lisbon, Ohio 44432, for Defendant-Appellant.*

O'NEILL, P.J.

On July 25, 1988, the appellee, Bank One, filed a complaint in the trial court requesting what amounted to a default judgment against the defendant-appellant in the amount of $2,240,78. Attached as exhibits to the complaint was a copy of the note which was the subject of the prayed for judgment and copies of three allonges. These allonges were extensions of the due date of the note and were executed by the chairman of the board of the defendant-appellant, the president of the defendant-appellant and a vice-president of the plaintiff-appellee. On the same day that the complaint was filed, the trial court granted, by way of judgment entry, judgment to the plaintiff-appellee as prayed for in the complaint. Subsequently, the defendant-appellant moved the court to vacate the judgment, principally arguing that the note, upon which the judgment was granted, did not meet the mandatory requirements of statutes dealing with default judgments. The motion was eventually denied by the trial court and a timely appeal has been filed with this court.

Applicable to disposition of this case is a portion of R.C. 2323.13(D), which reads as follows:

"A warrant of attorney to confess judgment contained in any promissory note, bond, security agreement, lease, contract, or other evidence of indebtedness executed on or after January 1, 1974, is invalid and the courts are without authority to render a judgment based upon such a warrant unless there appears on the instruments evidencing the indebtedness, directly above or below the space or spaces provided for the signatures of the makers, or other person authorizing the confession, in such type size or distinctive marking that it appears more clearly and conspicuously than anything else on the document.

"'Warning--By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause.'"

The note, which was the basis for this judgment, contained a warning in large print, above the signature line, which read as follows:

"WARNING BY SIGNING THIS PAPER, YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE."

Very noticeably absent from the foregoing warning is a statement to the effect that "If you do not pay on time, a court judgment may be taken against you without your prior knowledge

\* \* \*." The legislature was very specific in its requirements and we find that if a warning, in exact compliance with that set forth in R.C. 2323.13 does not appear at the proper place upon an instrument that any warrant of attorney is invalid and further hold that any court is without authority to render any judgment based on any such warrant of attorney. However, as we have previously noted, there were three allonges, extensions of the due date of the note executed by the parties. The first allonge was executed February 27, 1987. The second allonge was executed June 26, 1987. The third allonge was executed January 31, 1988 and the fourth allonge was executed April 30, 1988. The fourth allonge, over the signatures of the parties, contained a warning. This warning reads as follows:

"WARNING - BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR, WHETHER FOR RETURNED GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE."

The allong was essentially an extension of the due date which appeared on the original promissory note. This allonge did not cure the defect which appeared in the note upon which judgment was taken. The statute is very specific as to the requirement that the mandated warning must appear in the proper place upon a promissory note containing a warrant of attorney confessed judgment. The trial court was without authority to render a judgment based upon the warrant of attorney appearing in the promissory note.

The appellee has raised a question in this case that, in its motion to vacate the default judgment, the appellant-movant has not asserted a valid defense. The appellee is correct in this assertion and places its reliance on the cases of *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, and *GTE Automatic Electric* v. *ARC Industries, Inc.* (1976), 47 Ohio St. 2d 146, which cases hold that to prevail on a motion brought pursuant to Civ. R. 60(B), a movant must demonstrate that the motion was timely, that the reason for seeking relief fell within one of the grounds stated in Civ. R. 60(B) (1) through (5), and that the movant had a valid defense to present if relief were granted. The complaint, filed by the appellee, stated, under paragraph 4, that the note involved "\* \* \* authorized confession of judgment against Salem China as provided in Ohio Revised Code Annotated. Sec. 2323.13." As we have previously held, the note, which was the subject of this judgment, because of statutory defects, did not authorized confession of judgment against the appellant. Pursuant to Civ. R. 60(B) (3), a misrepresentation is the basis for the vacation of a judgment. The Court of Appeals for Cuyahoga County, in the case of *Advance Mortgage Corp.* v. *Novak* (1977), 53 Ohio App. 2d 289, has addressed this portion of Civ. R. 60(B):

"The allegation of the appellant here is that the court reached the conclusions reflected in the judgment entry due to the \* \* \* misrepresentation of an adverse party. The justification for reopening a final judgment in this case is not tied to whatever facts may have been raised or proven to establish a defense to the action at trial." (p. 292).

Furthermore, the provisions of Civ. R. 60(B) represent a balance between the legal principal that there should be finality in every case, so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgment should be reopened. See *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97.

We further find that, although the trial court had jurisdiction of the persons involved and of the subject matter, he was totally lacking in any authority to grant the judgment which was the subject of the motion to vacate.

It is our conclusion that, based upon the circumstances involved, the judgment rendered by the trial judge was void.

Accordingly, the judgment of the trial court is vacated and this cause is remanded to the trial court with an order that the trial court grant the appellant's motion to vacate the judgment previously entered.

*Judgment reversed and*
*cause remanded.*

DONOFRIO, J., and COX, J., concur.