OPINION
Defendants-appellants, Rudolf W. Gunnerman and A-55, L.P., appeal the decision of the Fayette County Court of Common Pleas denying their Civ.R. 60(B) motion for relief from judgment. We find no abuse of discretion by the trial court, and we affirm the trial court's decision.
This is the second time these litigants have been before this court. The facts underlying the original case are fully set forth in Schneider v. Gunnerman (Aug. 24, 1998), Fayette App. Nos. CA97-07-017 and CA97-12-034, unreported, discretionary appeal denied (1999), 84 Ohio St.3d 1474. In that decision, we remanded the case to the trial court for a very limited purpose: to determine the basis of trial court's award of $1,000,000 in damages to appellee. We stated that "we cannot establish the specific basis for the trial court's calculation of a $1,000,000 damage award. * * * Therefore, we remand this case to the trial court to conduct an evidentiary hearing to determine the issue of damages * * *." Id. at 28.
On October 12, 1998, the trial court conducted a damages hearing as instructed by our remand. The trial court's October 12, 1998 judgment entry fully explains its calculation of the $1,000,000 damage award. We find that the trial court's action was appropriate and in full compliance with our August 24, 1998 remand.
However, on November 25, 1998, appellants filed a motion alleging that they were entitled to relief from the original November 25, 1997 judgment and the October 12, 1998 judgment under Civ.R. 60(B)(1), (3), (4) and (5).[1] The trial court denied appellants' Civ.R. 60(B) motion on March 22, 1999. Appellants now appeal the trial court's decision denying their Civ.R. 60(B) motion. Appellants raise two assignments of error for our review.
Assignment of Error No. 1:
 The Trial Court Erred as a Matter of Law in Denying the Motion for Relief from Judgment Without an Evidentiary Hearing.
In this assignment of error, appellants argue that the trial court abused its discretion by ruling on their motion without the benefit of an evidentiary hearing.
The question of whether or not to hold an evidentiary hearing on a Civ.R. 60(B) motion is addressed to the sound discretion of the trial court. Your Financial Community v. Emerick (1997),123 Ohio App.3d 601, 605, citing Schafer v. Continental Airlines, Inc.
(1989), 62 Ohio App.3d 855. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable.State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151. The Ohio Supreme Court has held that it is an abuse of discretion for the trial court to deny a hearing "where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19.
Appellants argue that they were entitled to a hearing underKay. However, the only evidence presented by appellants was a "struck off certificate" which, on its face, appears to be a document issued by the Registrar of Companies of the Cayman Islands. The struck off certificate states: "I hereby certify that Island Capital Management Inc. was struck from the Companies Register on the 30th Day of September, One Thousand Nine Hundred Ninety Six and thereupon dissolved." Appellants argue that since Island Capital Management, Inc. was dissolved on September 30, 1996, it lacked the capacity to enter a contract with appellee on August 18, 1997. Without a valid contract, appellants argue that appellee could not have suffered $1,000,000 in damages.
In their oral argument, appellants revealed that they first knew of the struck off certificate on November 9, 1997, yet appellants did not attempt to present it as evidence until the remand hearing on October 12, 1998. The transcript of the October 12, 1998 hearing reveals that the trial court had serious doubts about the authenticity of the struck off certificate. Appellants provided no evidence to authenticate the struck off certificate under Civ.R. 44(A)(2). Appellants provided no explanation for their delay in presenting the struck off certificate. Appellants provided no explanation of the legal significance of the struck off certificate under Cayman Islands law. Further, if appellants were intending to rely upon the foreign law of the Cayman Islands, they failed to provide reasonable written notice pursuant to Civ.R. 44.1(B). The trial court ruled that the struck off certificate was inadmissible at the October 12, 1998 remand hearing.
On November 25, 1998, appellants attached the struck off certificate to their Civ.R. 60(B) motion, but provided no further evidence regarding its reliability or authenticity. Because appellants failed to allege grounds for relief and to provide evidence in support which would warrant a hearing under Kay, we find no abuse of discretion in the trial court's decision to forego a hearing on appellants' Civ.R. 60(B) motion. Appellants' first assignment of error is overruled.
Assignment of Error No. 2:
 The Trial Court Erred in Denying the Motion for Relief from Judgment Because a Judgment Based on a False and Illegal Document Is Precisely the Type of Situation that Civ.R. 60(B) Was Designed to Prevent.
Generally, to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in the rule; and (3) the motion is timely. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The question of whether relief should be granted under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and the decision will not be reversed on appeal absent an abuse of that discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. Seidner,76 Ohio St. 3d at 151.
The Ninth District Court of Appeals has stated: "It is clear that Civ.R. 60(B) relief is not available as a substitute for an appeal * * *. The movant must allege new grounds for Civ.R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from the judgment." (Citations omitted.) ElyriaTwp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599,602.
At the October 12, 1998 hearing, appellants argued that the contract between appellee and Island Capital Management, Inc. was invalid. Appellants lost this argument because the trial court found that the struck off certificate was inadmissible. Appellants did not appeal the evidentiary ruling by the trial court. Instead, it appears that appellants have attempted to reargue the same issue under the auspices of a Civ.R. 60(B) motion.
For the foregoing reasons, we find no abuse of discretion in the trial court's denial of appellant's Civ.R. 60(B) motion. Appellants' second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Civ.R. 60(B) states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."