DECISION AND JUDGMENT ENTRY
This is an appeal from the denial of a post trial motion for relief from judgment issued by the Wood County Court of Common Pleas. Because we conclude that the trial court properly denied the motion, we affirm.
In 1996, appellant, Behrouz Aynafshar d.b.a Kayvon's Grill, leased commercial space in a Northwood shopping center from appellee, Jeffrey Morrin d.b.a. Morrin Realty. Appellant intended to open a Mediterranean cuisine restaurant and negotiated a clause in the lease granting him exclusivity for this type of food in the shopping center. Shortly thereafter, appellee Morrin leased a second location in the center to a "coney island" style restaurant. When the second restaurant opened, its menu contained certain "Greek" food items.
In 1997, appellee Morrin sold the shopping center to appellee Harvey A. Tolson. In March 1997, appellant became delinquent in his rent, a condition which continued into 1998. On February 10, 1998, appellee Tolson initiated a forcible entry and detainer action against appellant in the Perrysburg Municipal Court, seeking appellant's eviction and a money judgment for the delinquent rent. Appellant countersued, alleging that appellee Tolson breached the Mediterranean food exclusivity provision of his lease[1]. Since the amount of the counterclaim exceeded the municipal court's jurisdiction, the matter was removed to the Wood County Court of Common Pleas.[2]
During the pendency of the action, the parties negotiated appellant's vacation of the premises and removal of certain restaurant equipment located therein. The matter eventually proceeded to a trial before the court, following which the court found for appellee Tolson on the principal claim and awarded him approximately $18,000 for back rent. On the counterclaim, the court found that appellees had breached the Mediterranean food exclusivity clause, but that appellant had failed to prove specific damages resulting from the breach. As a result, the court awarded appellant only $50 in damages for the breach. The court's judgment was journalized on June 13, 2000. On July 14, 2000, after the time for appeal had passed, appellant moved for relief from judgment, arguing that the trial court considered only his lost revenue claim for damages and did not address his "reliance expenditures" — that is his out-of-pocket costs made in reliance of the Mediterranean food exclusivity clause.
The trial court denied appellant's Civ.R. 60(B) motion, reiterating its conclusion that appellant's lost profits claims were only speculative and stating that appellant failed to present sufficient evidence to establish his actual out-of-pocket costs.
From this judgment, appellant now brings this appeal, setting forth the following single assignment of error:
 "The trial court erred in denying appellant's Rule 60(B)(5) motion for relief to include in appellant's damage award his lost reliance expenditures."
At the outset, we note that relief from judgment pursuant to Civ.R. 60(B) may not be granted merely for the purposes of allowing an appeal which would otherwise be considered untimely. Kertes Ent. Inc. v. OrangeVillage Planning (1990), 68 Ohio App.3d 48, 49; McCue v. Buckeye UnionIns. Co. (1979), 61 Ohio App.2d 101, 105. Consequently, while Civ.R. 60(B) may be applicable to judgments entered after trial, Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 102, the rule may not be used to extend the appeal time for issues arising out of the trial.
Moreover, relief from judgment under any of the Civ.R. 60(B) subparts is predicated on presenting a meritorious claim or defense. GTEAutomatic Electric, Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,150. Since, after a trial, the merits of a case have already been determined, it is insufficient that a party merely reiterate his or her trial arguments. Advance Mortgage Corp. v. Novak (1977),53 Ohio App.2d 289, 292. Assertions that the trial court's factual determinations were erroneous or its application of the law improper are within the purview of a direct appeal for which Civ.R. 60(B) was not intended as a substitute. Id. Consequently, a motion for relief from judgment made after trial which argues that the court mistakenly weighed the evidence or applied the law is no more than a motion for reconsideration. Such a motion is a legal nullity. Pitts v. Ohio Dept.of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus.
As appellant conceded in oral argument, following trial he was dissatisfied with the amount of damages awarded. In his motion for relief he asserted that the trial court failed to properly weigh the evidence and/or apply the law relative to his out of pocket costs.[3] These are issues which could have been properly raised on direct appeal if such an appeal had been timely filed. It was not. Therefore, the trial court committed no error in denying the motion. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
Peter M. Handwork, J., Richard W. Knepper, J. CONCUR.
 ____________________________ James R. Sherck, J.
JUDGE
[1] Appellant also cross-claimed against Moody's Coney Island Diner and its owners, Ahmed and Elham Saleh. Moody's and the Salehs were awarded summary judgment prior to trial. That judgment was not appealed.
[2] After transfer, appellant amended his complaint to include appellee Morrin, Morrin Realty and MDM Investments, Ltd. For purposes of this decision, we shall refer to these parties collectively as appellee Morrin.
[3] In its entry denying relief from judgment, the court restated its initial finding that, "* * * the Defendant did not establish a right to recover [out of pocket] expenditures."