OPINION
Defendants-appellants, D. L. Echols and Anita Echols, appeal the September 5, 2001 decision and entry of the Franklin County Court of Common Pleas denying appellants' July 2, 2001 Civ.R. 60(B) motion to set aside default judgment. For the following reasons, we reverse.
This case stems from a dog bite incident that occurred on May 26, 2000. As David Harris was delivering mail to appellants' premises, he was attacked and bitten by appellants' twelve-year-old Labrador. On August 24, 2000, David and his wife, Kathleen Harris, filed a complaint against appellants seeking damages. The complaint alleged that David suffered injuries to his buttocks and hips, along with other injuries to other parts of his body resulting in pain, suffering, permanent damage, and disability. David also alleged that he incurred hospital and medical expenses in treating his injuries, in addition to lost wages and a permanently impaired earning capacity. The complaint further alleged that Kathleen suffered loss of consortium. Appellees sought damages in an amount in excess of $25,000.
The record indicated that the certified mail return receipt was delivered and signed for on September 18, 2000. The signatures on each receipt were not legible. Appellants filed no answer.
On October 20, 2000, appellees filed a motion for default judgment and, on October 27, 2000, the trial court granted appellees' motion for default judgment and referred the case to a magistrate for a hearing on damages. On January 16, 2001, the magistrate conducted a hearing on damages, and determined that appellants were jointly and severally liable to appellees in the amount of $20,475: $15,475 to David, and $5,000 to Kathleen. On February 16, 2001, the trial court adopted the magistrate's decision. Thereafter, appellants were ordered to appear May 4, 2001 for a judgment debtor's examination hearing. The examination hearing was continued, pursuant to an agreed entry, until May 25, 2001.
On July 2, 2001, appellants filed a motion to set aside judgment pursuant to Civ.R. 60(B). In support of their motion, appellants attached affidavits stating, inter alia, that they never received, and signed for the certified mail pertaining to the case. On July 19, 2001, appellees filed a memorandum contra to appellants' motion. On August 8, 2001, the trial court denied appellants' motion to set aside default judgment without holding an evidentiary hearing. It is from this entry that appellants' appeal, raising the following two assignments of error:
First Assignment of Error
 The trial court abused its discretion by denying Defendants'/Appellants' Motion to Set Aside Default Judgment.
 Second Assignment of Error
 The trial court erred in denying Defendants'/Appellants' Motion to Set Aside Default Judgment without first conducting an evidentiary hearing.
Because resolution of appellants' second assignment of error is dispositive of this appeal, we will address appellants' second assignment of error first.
In their second assignment of error, appellants contend that because the Civ.R. 60(B) motion to set aside default judgment, along with the attached affidavits, contained allegations of operative facts, the trial court abused its discretion by denying the Civ.R. 60(B) motion without first conducting an evidentiary hearing.
The requirements for prevailing on a Civ.R. 60(B) motion are set forth in paragraph two of the syllabus of GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The decision whether to hold an evidentiary hearing on a Civ.R. 60(B) motion is within the discretion of the trial court. Schafer v.Continental Airlines, Inc. (1989), 62 Ohio App.3d 855; U.A.P. ColumbusJV326132 v. Plum (1986), 27 Ohio App.3d 293. It is an abuse of discretion for the trial court to overrule a Civ.R. 60(B) motion without first holding a hearing when the motions and affidavits contain allegations of operative facts, which warrant relief under the rule.Twinsburg Banking Co. v. RHEA Constr. Co. (1983), 9 Ohio App.3d 39. As such, this court must determine whether the trial court abused its discretion in not holding an evidentiary hearing on appellants' Civ.R. 60(B) motion to set aside default judgment.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982),1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460,466.
Civ.R. 60(B)(1) provides that the court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Appellants contend that they are entitled to relief under Civ.R. 60(B)(1) for excusable neglect because they never received notice of the pending action.
In this case, the issue is whether or not effective service of process was perfected on appellants. In general, service of process must be made by certified mail, personal service, or residence service. Civ.R. 4.1. Service of certified mail is "evidenced by return receipt signed by any person." Civ.R. 4.1(A). Certified mail service properly addressed and delivered meets due process requirements as it is reasonably calculated to provide interested parties notice of the pendency of an action and an opportunity to appear and present objections. Castellano v. Kosydar
(1975), 42 Ohio St.2d 107.
The affidavits filed in support and in opposition of appellants' motion to set aside default judgment set forth conflicting facts. The affidavit of D. L. Echols, supporting the Civ.R. 60(B) motion, stated that:
 3.) I never received the Plaintiff's complaint, which was filed on or about August 24, 2000.
 4.) I never, at any time, had notice of the Plaintiff's lawsuit.
 5.) I never received, nor did I ever sign for any certified mail pertaining to this case. My signature does not appear on the certified mail receipt that is in the court file.[1]
However, the contra affidavit of David Harris, opposing appellants' motion to set aside default judgment, stated that:
 4. After the Complaint in this case was filed on my behalf on August 24, 2000, I monitored the completion of service on Defendants. On September 17, 2000, I was aware that service had not been completed and that the last day for completion of service was the next day, September 18, 2000, before the Summons and Complaint would be returned to the Clerk's office. Accordingly, I asked another postal carrier, Don Thomas, to deliver the certified letters containing the Summons and Complaint to the Echols.
 5. On September 18, 2000, I watched from diagonally across the street while Don Thomas delivered the certified letters to the Echols. I saw Mr. Echols answer the door, take the certified letters, and sign the green certified mail return receipts.
In addition to Harris' affidavit, Don Thomas, the postal carrier, stated in his affidavit that:
 2. On September 17, 2000, David Harris asked me to deliver two (2) certified letters from the Franklin County Clerk of Courts to the Echols at 1733 Elmore, Columbus, Ohio 43224.
 3. On September 18, 2000, I delivered the certified letters to the Echols' address at 1733 Elmore. Mr. Echols answered the door, took the letters and signed both the certified mail return receipts.
Where it appears on the face of the record that there are no grounds for relief from judgment, the trial court may grant the motion without conducting an evidentiary hearing. Matson v. Marks (1972),32 Ohio App.2d 319. However, if a movant's Civ.R. 60(B) motion contains allegations of operative facts warranting relief from judgment, the trial court should grant an evidentiary hearing to take evidence and determine the credibility of the affiants. Coulson v. Coulson (1983),5 Ohio St.3d 12; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97.
Here, in deciding whether service was properly perfected, the trial court was faced with conflicting allegations of facts in the parties' affidavits. The trial court denied appellants' motion to set aside judgment without an evidentiary hearing. "Such a decision requires a determination as to the credibility of the affiants, which cannot be made from the face of the record." Schafer, at 857. Accordingly, we find that the trial court abused it discretion in granting appellees' motion without first holding an evidentiary hearing to determine whether appellants received certified service of the complaint and summons.
Additionally, in their second assignment of error, appellants argue that the trial court erred in determining damages without an evidentiary hearing. Based upon this court's decision to remand this case to the trial court to conduct an evidentiary hearing to take evidence and determine the credibility of the parties, we decline, at this time, to address appellants remaining argument as it pertains to the damage award. Appellants' argument is unripe and, therefore, rendered moot by our foregoing discussion.
Furthermore, we decline to address appellants' first assignment of error, as it has been rendered moot by our disposition of their second assignment of error. See App.R. 12(A)(1)(c).
For the foregoing reasons, appellants' first assignment of error is overruled as moot, appellants' second assignment of error is sustained in part and overruled as moot in part. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded with instructions to conduct an evidentiary hearing on the motion for relief from default judgment.
Judgment reversed and remanded with instructions.
BRYANT and DESHLER, JJ., concur.
[1] The affidavit of Anita Echols provided the same facts as those stated in D. L. Echols' affidavit.