COTTRELL, APPELLEE, *v.* OHIO STATE CONSTRUCTION, APPELLANT.

(No. 46883—Decided
March 9, 1984.)

*Mr. Douglas C. Blackburn,* for appellee.

*Mr. Leonard Ehrenreich,* for appellant.

NAHRA, J. Appellant, Ohio State Construction, is appealing the trial court's orders granting a default judgment in favor of appellee, Murlene M. Cottrell, and denying appellant's Civ. R. 60(B) motion to vacate the default judgment. The following facts gave rise to this appeal.

On March 18, 1982 appellee filed a complaint. Appellant was served on March 20, and appellant's answer was due on or before April 19, 1982.

On April 20, 1982 appellant filed a motion for leave to plead and appellee filed a motion for a default judgment. On April 27, appellee filed a brief in opposition to appellant's motion for leave to plead. Appellant's motion was overruled by the trial court on May 5, 1982. On June 3, 1982 appellant filed an answer and counterclaim.

Appellee's motion for default judgment was heard by a referee who recommended judgment in favor of appellee based upon appellant's failure to file a timely answer. On June 9, 1982 the referee recommended judgment against appellant in the amount of $3,325.20 plus interest on $1,000 at eight percent per annum from December 4, 1981, and costs. On March 31, 1983, the trial court overruled appellant's objections to the referee's report and entered judgment for appellee in the amount of $3,431.20 plus costs.

Appellant filed a motion to vacate the judgment which was overruled on April 27, 1983. On April 29, appellant appealed from both the default judgment and the court's adverse ruling on its motion to vacate.

I

Appellant's first assignment of error is that:

"The trial court failed to do substantial justice and abused its discretion when it denied appellant's motion for an extension of time under which to file an answer, allowed a default judgment against appellant, and denied appellant's motion to vacate said default judgment."

After considering all of the facts and circumstances of this case, we conclude that the trial court abused its discretion when it denied appellant's motion for leave to plead.

On April 19, appellant's answer date, appellant's counsel tried to contact appellee's counsel to request a leave to plead, but was unsuccessful in his attempt. This was the first leave and would have been automatic under the Lakewood Municipal Court Local Rule 6. He did reach plaintiff's counsel the next day. Plaintiff's counsel would not then concur in a leave to plead since the trial judge had contacted him on the morning of April 19 and instructed him to file a motion for default judgment. Appellee's counsel confirmed this fact and conceded in oral argument that he would have granted appellant's request as a matter of course had the trial judge not instructed him to do otherwise.

That same day, April 20, appellant filed a motion for leave to plead with the court. The trial court denied appellant's motion and everything thereafter. The trial judge's telephone call to the plaintiff's attorney on the morning of appellant's answer date thus precipitated the procedural snare that has developed rather than a trial on the merits. The

trial court's interest in a one-month-old case is remarkable.

Ohio cases on procedural deficiencies have reached varied results, compare *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209 [16 O.O.3d 244], with *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257 [24 O.O.3d 344], and *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189 [23 O.O.3d 210], but no case has elevated form over substance to this extent. The trial judge's conduct in this case amounted to taking an adversarial role. The trial court, in effect, placed itself in a position where it could not exercise its discretion since it was really implementing a decision it had already made when it instructed appellee to move for default judgment.

Further, this case is distinguishable from *Miller* v. *Lint, supra,* wherein it was held to be an abuse of discretion by the trial court to accept an untimely filed answer. In *Miller,* the defendant-appellant did not comply, even substantially, with the Civil Rules. Appellant herein did not flagrantly disregard the rules, but made all possible good faith efforts to have his client's case heard on the merits. However, the trial judge was already predisposed to grant appellee's motion for default judgment since he had instructed appellee's counsel to file it.

The trial judge could have taken other action such as shortening the time requested. But to have the whole case turn on the lowly leave to plead is to reach a result totally devoid of justice or fair play.

Even absent the trial court's unusual interest, we would find it to be too harsh a sanction to render a default judgment against a party for such a minor, unintentional, first infraction that did not impede the administration of justice or undermine the rights of the opposing party.

Accordingly, appellant's first assignment of error is sustained.

II

Appellant's second assignment of error is that:

"The court erred by awarding damages for breach in excess of the amount of the appellant's contractual obligation."

Appellee concedes that the damages awarded were improperly calculated being excessive in the amount of $40 and we agree. However, in view of our decision to reverse and remand, this issue is moot.

The trial court's order granting a default judgment is reversed. This case is remanded with instructions that the appellant be permitted to plead and that the case proceed accordingly.

*Judgment reversed and cause remanded.*

PRYATEL, J., concurs.

JACKSON, P.J., dissents.

JACKSON, P.J., dissenting. I respectfully dissent from the disposition by the majority of the appellant's first assigned error, and from the decision of the majority to reverse the judgment of the trial court on the issue of liability. The majority finds, based upon information *de hors* the record, that the trial court abused its discretion. I find, based upon the information contained in the record, that the trial court did not abuse its discretion, but rather enforced the letter of the Civil Rules.

It is fundamental that an appellate court is bound by the record before it. *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402 [8 O.O.3d 405]. This court cannot decide appeals on the basis of statements made during oral argument, or unsworn allegations in pleadings. It is also fundamental that an abuse of discretion is

not a mere error in judgment, but rather connotes an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. *McNeil* v. *McNeil* (App. 1946), 46 Ohio Law Abs. 244.

With these two principles in mind, it is appropriate to review the facts contained in the record of this case.

Appellee, Murlene Cottrell, filed suit against appellant Ohio State Construction on March 18, 1982. Service was accomplished on March 20. Civ. R. 12(A) provides that the defendant's answer must be filed within twenty-eight days after service of the complaint. Twenty-eight days from March 20 was April 17, a Saturday. In accordance with provisions of Civ. R. 8(A), the answer to the complaint was due on April 19, the following Monday. Appellant neither filed an answer nor a motion for an extension of time in which to plead, on or before the answer date. However, the following day, April 20, appellant filed a motion for leave to plead, which is reproduced below in its entirety:

"Comes now William Mahoney, d/b/a Ohio State Construction and requests thirty days additional time within which to move or plead for the reason that a counterclaim is to be filed in this matter in excess of the jurisdictional limitation of this Court, thus necessitating the removal of this case to another Court."

The motion was not accompanied by an answer to the complaint. Also on the same date, appellee filed a motion for default judgment. On May 5, 1982, the trial court denied appellant's motion for leave to plead; nevertheless, appellant filed an answer and counterclaim without leave to plead on June 3, 1982. Approximately nine months later on March

31, 1983, following a hearing on the issue of damages, the trial court entered default judgment against the appellant in the amount of $3,325.20, plus interest on the appellee's $1,000 down payment, and costs.

On April 22, 1983, appellant filed a motion for relief from judgment on the ground that it had failed to answer the complaint due to "excusable neglect," within the meaning of Civ. R. 60(B)(1). The trial court denied this motion on April 27, 1983. The appellant thereupon took a timely appeal from the entry of default judgment and the denial of its motion for relief from judgment.[1] Appellant assigns two errors for review.

I

Two issues are raised in the appellant's first assigned error. First, did the trial court abuse its discretion when it denied its motion for leave to plead, filed one day after the answer date? Second, did it abuse its discretion when it refused to vacate the default judgment?

The first issue is governed by Civ. R. 6(B) and judicial interpretation thereof. Civ. R. 6(B) provides:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect*; but it may not extend the time for taking any

---

[1] The trial court's denial of appellant's motion for leave to plead was an interlocutory order, because judgment upon the appellee's claim had not been entered. It was not a final appealable order under R.C. 2505.02. It is, of course, reviewable upon appeal from entry of default judgment. Cf. *Grimm* v. *Modest* (1939), 135 Ohio St. 275 [14 O.O. 121].

action under Rule 50(B), Rule 59(B), Rule 59(D), and Rule 60(B), except to the extent and under the conditions stated in them." (Emphasis added.)

Since appellant filed its motion for leave to plead after the answer date had passed, it was incumbent upon appellant to demonstrate or at least allege that its failure to plead was due to excusable neglect. The Ohio Supreme Court recently held that it is reversible error for a trial court to allow an answer to be filed untimely without a showing of excusable neglect. *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209 [16 O.O.3d 244]. The court states at 214:

"While this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ. R. 6(B), is not unlimited, and under the circumstances existing on April 14, 1977, some showing of 'excusable neglect' was a necessary prelude to the filing of the answer."

The trial court in *Miller* v. *Lint* was found to have abused its discretion by allowing an untimely answer to be filed without a showing of "excusable neglect," as required by Civ. R. 6(B).

Predicated on this decision I am persuaded that the trial court in the case at bar cannot be considered to have abused its discretion, merely because it denied appellant's untimely request for extension of time to file an answer where no "excusable neglect" was claimed.

The appellant contends that it was entitled to one extension of time as a matter of right under Lakewood Municipal Court Local Rule 6, which provides:

"Except in actions for forcible entry and detainer or in replevin, when a party in any case is not prepared to move or plead on the answer day one extension of time may be had upon application to the court and without notice for a period not exceeding thirty (30) days. Consent of counsel may be filed as a Journal Entry in the case and shall be evidence of 'good cause shown.' Any leave to move or plead thereafter may be had only with the approval of the court and upon application to the court, with notice to the opposing party or counsel, and for good cause shown. Consent of opposing party or counsel shall not, in and of itself, constitute good cause."

This local rule can fairly be read as allowing one automatic extension of time to file an answer upon application to the court. But the rule is silent on the question of whether such application must be filed on or before the answer date. The trial court apparently construed the rule as requiring such application to be made on or before the answer date. I am convinced that this is the only lawful and reasonable interpretation of the local rule, because it is the only interpretation which is consistent with Civ. R. 6(B). A local rule which is inconsistent with the Civil Rules is invalid. *Vorisek* v. *North Randall* (1980), 64 Ohio St. 2d 62 [18 O.O.3d 296]. This principle of law is established by Section 5, Article IV of the Ohio Constitution, which provides:

"Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. * * *"

The appellant necessarily contends that a delay of one day is *prima facie* excusable, and that no further showing or allegation of excusable neglect is necessary. Appellant would, in effect, rewrite the Civil Rules to allow twenty-nine (or, in this case, thirty-one) days in which to file an answer, without a showing of excusable neglect.

It is my considered opinion that the municipal court did not abuse its discretion when it applied Civ. R. 6(B) and denied the appellant's motion for leave to plead.

The appellant had a second opportunity to demonstrate that its failure to

timely act was due to excusable neglect, in its motion for relief from judgment, made pursuant to Civ. R. 60(B)(1). This rule provides, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) * * * excusable neglect; * * *"

Thus, the standard for relief under Civ. R. 60(B) is the same as the standard under Civ. R. 6(B): excusable neglect. The neglect of a party's attorney is imputed to the party (*GTE Automatic Electric* v. *ARC Industries* [1976], 47 Ohio St. 2d 146 [1 O.O.3d 86]). However if the party's or attorney's neglect was excusable, relief from judgment will be granted.

In *GTE* v. *ARC, supra,* the Supreme Court held at paragraph two of the syllabus that a party seeking relief from judgment must make the following showing:

"To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

In *East Ohio Gas Co.* v. *Walker* (1978), 59 Ohio App. 2d 216 [13 O.O.3d 234], this court of appeals faced the issue of whether the foregoing matters could be demonstrated by unsworn allegations contained in a brief in support of the motion for relief, or whether the moving party was required to prove entitlement to relief through evidence given under oath, such as affidavits, answers to interrogatories, and deposi-

tions. This court at 220-221 made the following ruling:

"The specific issue that we must now decide is whether unsworn allegations of operative facts which are contained in a brief or in the motion itself but not presented by affidavit or other evidentiary materials are sufficient upon which to grant a vacation of a judgment. To pose the question in another manner, does a vacation of judgment pursuant to a motion under Civ. R. 60(B) require factual allegations in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath? Our conclusion is that such evidentiary standards must be met to prevail upon a motion for relief from judgment. *Accord, Tom McSteen Co.* v. *Thomas Maloney, Inc.* (1974), 39 Ohio App. 2d 31 [68 O.O.2d 173]; *Contra, Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209 [63 O.O.2d 373]; *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319 [61 O.O.2d 476].

"When considering a request pursuant to Civ. R. 60(B) the court is asked to vacate a judgment to which attaches a presumption of regularity, *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72 [58 O.O.2d 117], as well as the legal principle that there should be finality in every case, and that once a judgment is entered it should not be disturbed without good cause. *Advance Mortgage Corp.* v. *Novak* (1977), 53 Ohio App. 2d 289, 291 [7 O.O.3d 338]; *Adomeit* v. *Baltimore, supra* [(1974), 39 Ohio App. 2d 97 (68 O.O.2d 251)] at 100. Vacation of such judgments, therefore, should not be granted lightly. The movant bears the burden of proving his allegations in support of his motion. *Adomeit* v. *Baltimore, supra,* at 102-103. It is not too heavy a burden to require that the factual information presented be of sufficient quality to sustain a vacation of the judgment by meeting evidentiary standards. Such evidence should be in

the form of affidavits, depositions, written interrogatories, or other sworn testimony."

In the case at bar, the only evidentiary material filed was the affidavit of the owner of the appellant company.[2] This affidavit established only the first of the three necessary factors, *i.e.*, the fact that the appellant had a meritorious defense.

The appellant's motion also satisfied the third factor of *GTE* v. *ARC, i.e.,* that it must be filed within a "reasonable time." On its face, the motion was timely filed. *However, as noted before, the failure of appellant to timely file a request for extension of time to file an answer was not on its face excusable.* It was thus incumbent upon appellant to make some extrinsic showing of excusable neglect, to satisfy the second requirement of *GTE* v. *ARC,* that it was entitled to relief under Civ. R. 60(B)(1).

There is such a showing made in appellant's motion for relief from judgment. However, this showing was not set forth by way of sworn allegations in an affidavit, but was contained in the unsworn brief in support of the motion for relief from judgment. The appellant's brief states, in relevant part:

"Counsel for Defendant miscalculated the date upon which the answer was due, incorrectly concluding that the due date was April 20, 1982.

"Acting under this mistaken assumption, the undersigned, on April 19, 1982 attempted, unsuccessfully, to contact opposing counsel in order to advise him that Defendant was taking an initial leave to plead; a leave to which it was entitled by rule.

"Counsel for Defendant was scheduled to appear in the Lakewood Municipal Court on April 19, 1982 and again on April 20, 1982. Having been unable to reach Plaintiff's counsel on the 19th, the undersigned decided to call Plaintiff's counsel again on the 20th.

"Counsel did, in fact, reach Plaintiff's counsel on April 20, 1982 and was informed by him that he would be unable to concur in the leave for the reason that he had already been called by the Court, on the morning of the 19th, and advised to file a Motion for Default Judgment.

"Learning that he had miscalculated the answer date, Defendant's counsel immediately drafted a Motion for Leave to Plead and filed the same on April 20, 1982."

Since the explanations of appellant's failure to timely file an answer, and counsel's good faith efforts to secure consent to an extension of time, are not made under oath, the trial court acted within its discretion to ignore this showing of excusable neglect. In fact, this result is required under *East Ohio Gas Co.* v. *Walker, supra.*[3]

Moreover, I am not persuaded that even if the unsworn allegations of counsel are taken as true, that they constitute a showing of "excusable neglect" as a matter of law.

Though it appears that each of the judges of this court would not have, under the circumstances, enforced Civ. R. 6(B) as strictly as did the trial court, does this, *ipso facto,* mean that the trial court abused its discretion? I think not. The issue before this court is not whether the members of this panel (or any other judge) would have exercised their discretion differently, but whether the trial court, under the circumstances

---

[2] See Appendix attached.

[3] In a recent Civ. R. 60(B) case out of this court of appeals, the trial court's denial of a motion for relief from judgment was reversed, and relief granted, on the ground of excusable neglect. *Gissentaner* v. *Davis* (Dec. 30, 1982), No. 44644, unreported. In that case, however, counsel for appellant explained *by way of affidavit* that the failure to answer the complaint was due to the fact that counsel was moving his law office to another building at the time the answer was due.

in the case at bar, exceeded the "broad discretion" granted to it, in its enforcement of Civ. R. 6(B). *Miller* v. *Lint, supra,* at 214. The trial court did no more than literally and narrowly construe the Civil Rules and the decisions of *Miller* v. *Lint, GTE* v. *ARC,* and *East Ohio Gas Co.* v. *Walker, supra.* As noted above, abuse of discretion connotes an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. *McNeil* v. *McNeil, supra.* I am persuaded that the trial court's rulings, though apparently harsh, comport with the rules, and must be upheld.

Had there been an evidentiary showing of excusable neglect, this court would have been required to reverse the decision herein on the ground that the trial court abused its discretion. However, such a showing is not demonstrated by means of proper evidentiary materials.

This is the perfect example of the type of hard case which can make bad law. By reversing the trial court on this ground, the majority invalidates every provision in the Civil Rules which sets a deadline. The Civil Rules provide specific time periods, not a "reasonable time" within which parties to litigation must file pleadings. To reverse the decision of the trial court on the ground that it abused its discretion when it followed the rules creates a procedural trap of monstrous dimensions.

The first assigned error should therefore be overruled.

## II

For its second assigned error, appellant contends that the trial court granted damages in excess of the amount to which appellee was entitled. The statement of the proceedings as adopted by the trial court[4] professes in relevant part:

"Plaintiff admitted, under cross-examination, that some of the work performed by the replacement contractor was work not originally contracted for by plaintiff with defendant.

"Plaintiff testified that work called for in the contract between plaintiff and defendant was not done by the substitute contractors, and further evidence was presented showing the value of such work not performed."

However, the statement of the proceedings also refers to an error made by the trial court in assessing damages:

" 'The Referee awarded damages in excess of that which was requested and proved by plaintiff, to the extent that the Referee's judgment in the amount of $3,325.20 included $40.00 of interest sought by the plaintiff on the down payment of $1,000.00 paid to the defendant at the time the contract was entered into.'

"The Referee's recommendation also included interest at 8% per annum from December 4, 1981. This interest would result in a double payment of interest for the period of December 4, 1981, to the date of hearing on plaintiff's motion for default judgment held June 3, 1982."

There is no other record of the evidence presented to the trial court in support of the appellee's claim for damages. The evidence is inconsistent with the judgment rendered by the trial court in that forty dollars in interest was awarded twice. Moreover, the evidence as set forth in the statement of the proceedings is not sufficient to support the judgment, because damages are not reasonably ascertainable from the evidence adduced.

---

[4] Appellant submitted to the trial court a proposed statement of the proceedings. The appellee objected to the proposal, suggesting that certain portions be deleted and others amended. The trial court approved the statement of the proceedings with the changes suggested by the appellee. App. R. 9(C).

370

I would find the appellant's second assigned error to be well-taken, and remand this cause for further proceedings on the issue of damages only.

## APPENDIX

The affidavit of the owner of appellant-company states in full as follows:

"WILLIAM MAHONEY, being first duly sworn according to law, deposes and states as follows:

"(1) Affiant is the owner of Defendant Ohio State Construction ('Ohio'). Affiant makes this affidavit in support of Defendant's Motion to Vacate, and all of the facts contained herein are based upon affiant's personal knowledge.

"(2) In her Complaint Plaintiff alleges: (1) that Defendant failed to begin the work on time; (2) that Defendant failed to prosecute the job in a workmanlike manner; (3) that Defendant began the work without securing the necessary building permits; and (4) that Defendant performed what work it did in a negligent and unworkman-like manner.

"(3) Evidence will be introduced at trial which will establish by a preponderance of the evidence that: (1) that the contract does not provide a starting or completion date, and that Defendant commenced the work in a reasonably expeditious manner; (2) that when Plaintiff breached her contract by refusing Defendant, or his agents, further access to the property, Defendant had had the opportunity to do very little work, but what work he had completed was done in a workman-like manner; (3) that appropriate permits, which will be introduced at trial, were drawn by the Defendant and by the individual subcontractors; and (4) that had Plaintiff not breached her contract by preventing Defendant from completing the work, the completed job would have been done in a workman-like manner and would have complied with all applicable industry standards and building codes."