OPINION
{¶ 1} On January 10, 2005, Rion T. MacConnell, commenced the underlying civil action against Safeco Property Casualty Insurance Companies and two of its employees, Kristine Reinhard and Matt Smith, an attorney. The Complaint contained claims for relief alleging breach of contract and tort, all arising from the company's refusal to indemnify MacConnell, a policyholder, for losses arising from a fire at his residence.
 {¶ 2} Two days after his Complaint was filed, on January 10, 2005, MacConnell filed his First Amended Complaint, alleging substantially the same claims for relief. The First Amended Complaint again identified the insurer as Safeco Property 
Casualty Insurance Companies. That produced one point of contention between the parties; the company contends that its proper corporate name is Safeco Insurance Company of America ("Safeco").
 {¶ 3} On February 4, 2005, Defendants filed Combined Motions to Dismiss Complaint, Motion for Summary Judgment, Alternative Motion for Definite Statement, and Motion for Sanctions, Motion to Bifurcate, and Motion to Stay Proceedings and Discovery on Extra-Contractual Claims. The trial court, on February 8, 2005, set a submission date of February 28, 2005 for those motions.
 {¶ 4} On February 14, 2005, MacConnell filed a motion to recuse the judge, which the court overruled on February 25, 2005. MacConnell filed an affidavit of disqualification on April 11, 2005. The Chief Justice of the Supreme Court of Ohio denied the affidavit of disqualification on April 27, 2005. MacConnell also filed an objection to Attorney Smith's representation of Safeco. That objection was overruled by the trial court on March 2, 2005.
 {¶ 5} On February 23, 2005, MacConnell filed a motion for leave to amend his First Amended Complaint. On February 28, 2005, the trial court granted Defendants' motion for protective order and stayed discovery on MacConnell's non-contractual claims for relief until after the court had ruled on Defendants' combined motions.
 {¶ 6} On May 17, 2005, the trial court granted MacConnell leave to amend his complaint, allowing MacConnell fourteen days in which to do so. Twenty-seven days later, on June 13, 2005, MacConnell filed his Second Amended Complaint. It appears that the court elected to ignore the Second Amended Complaint as untimely filed, and based its subsequent orders and judgment on the claims for relief in MacConnell's First Amended Complaint.
 {¶ 7} On June 15, 2005, the trial court granted Defendants' motions to dismiss, in part, and granted Defendants' motion for summary judgment. Pursuant to Civ. R. 12(B)(2), the court dismissed all of MacConnell's claims against Safeco Property 
Casualty Insurance Companies and Kristine Reinhard. The trial court also granted summary judgment on the breach of contract claims against Reinhard, Smith, and Safeco Property Casualty Insurance Companies, the defamation claims against Reinhard and Smith, the conspiracy to breach a contract claims against Reinhard and Smith, the conspiracy to defame claims against Reinhard and Smith, the bad faith claims against Reinhard, Smith, and Safeco Property Casualty Insurance Companies, and MacConnell's request for punitive damages.
 {¶ 8} On June 21, 2005, MacConnell filed a motion to reconsider the trial court's June 15, 2005 orders, which was denied. He filed a timely notice of appeal on July 5, 2005.
 {¶ 9} MacConnell failed to identify assignments of error in his appellate brief. However, he did include headings in the argument section. Defendants appear to have treated the headings as MacConnell's assignments of error. McConnell included a list of assignments of error in his reply brief which mirror the argument headings of his brief. Therefore, we will treat the headings in MacConnell's opening brief as his assignments of error.
 {¶ 10} FIRST ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLANT'S AMENDED COMPLAINT, WHICH CORRECTED ALL ERRORS."
 {¶ 12} SECOND ASSIGNMENT OF ERROR
 {¶ 13} "APPELLEE WOULD HAVE SUFFERED NO UNDUE PREJUDICE BY
ANSWERING AN AMENDED COMPLAINT."
 {¶ 14} FIFTH ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ERRED IN FINDING THAT SAFECO PROPERTY AND CASUALTY INSURANCE CO., A NAME ROUTINELY USED BY SAFECO, IS A NONENTITY."
 {¶ 16} EIGHTH ASSIGNMENT OF ERROR
 {¶ 17} "WHETHER THE TRIAL COURT ERRED IN DISMISSING THE INDIVIDUAL PARTIES AS PARTIES TO THE LAWSUIT."
 {¶ 18} MacConnell's first, second, fifth, and eighth assignments of error concern the trial court's decision to not consider his Second Amended Complaint because it was untimely filed, after the filing deadline the court had set, and the resulting dismissal of his claims for relief in MacConnell's First Amended Complaint against Safeco Property Casualty Insurance Companies, Reinhard, and Smith. MacConnell argues that complaints are to be freely amended if there is no undue prejudice, delay, or hardship, and that Safeco would not have suffered any undue prejudice by an amended complaint. Further, MacConnell argues that he could have remedied a failure of service on Reinhard and any problems with the claims for relief he alleged. He complains that the fourteen days the court allowed him in which to file an amended complaint was unreasonable under the circumstances, due in part to the fact that he was not represented by an attorney.
 {¶ 19} Because MacConnell had previously amended his complaint, he could "amend his pleading only by leave of court or by written consent of the adverse party." Civ. R. 15(A). The trial court has discretion not to consider an amended complaint that is not timely filed. Haynes v. East (June 26, 1990), Franklin App. No. 89AP-978. In Haynes, the trial court granted leave to plaintiff to file an amended complaint, and allowed plaintiff fourteen days to file the amended complaint. Plaintiff did not file the amended complaint until nine days after the expiration of the fourteen days. The trial court refused to consider the amended complaint and dismissed the suit. The Tenth District Court of Appeals affirmed the trial court's decision to dismiss the action because the amended complaint was untimely filed.
 {¶ 20} Like the plaintiff in Haynes, MacConnell failed to file his amended complaint within the fourteen days provided by the trial court's May 17, 2005 decision. Instead, he waited until June 13, 2005 to file his amended complaint, thirteen days after the expiration of the fourteen days ordered by the trial court. Defendants' motions to dismiss and motion for summary judgment had been filed on February 4, 2005. Thus, MacConnell was aware for over four months that he might need to correct problems with his First Amended Complaint, but failed to do so within the fourteen days the trial court allowed. MacConnell also failed to seek an extension of time in which to file the Second Amended Complaint.
 {¶ 21} On these facts, we cannot find that the trial court abused its discretion in refusing to consider MacConnell's untimely Second Amended Complaint. "While the result may seem harsh, [MacConnell] chose to represent himself in this matter and will be held to the same standard applicable to parties represented by counsel." Security National Bank Trust Co. v.Jones, Clark App. No. C.A. 2000-CA-59, 2001-Ohio-1534.
 {¶ 22} Once the trial court refused to consider the Second Amended Complaint, it was proper for the court to dismiss all of the claims against Safeco Property Casualty Insurance Companies and Reinhard pursuant to Civ. R. 12(B)(2). The trial court lacked personal jurisdiction over Reinhard; it was undisputed that she was not served with the First Amended Complaint. Moreover, the affidavits of Reinhard and Smith, along with a copy of the insurance policy between MacConnell and Safeco Insurance Company of America, were sufficient to establish that Safeco Property 
Casualty Insurance Companies, the defendant named, was not a proper defendant. Rather, the proper party is the party that was served, Safeco Insurance Company of America.
 {¶ 23} A trial court may consider affidavits when ruling upon a motion to dismiss under Civ. R. 12(B)(2). Grossi v.Presbyterian University Hosp. (1980), 4 Ohio App.3d 51. MacConnell's affidavit was too conclusory and vague to withstand Defendants' motions to dismiss for lack of personal jurisdiction. Thus, the trial court did not err in dismissing the claims against Reinhard and Safeco Property Casualty Insurance Companies pursuant to Civ. R. 12(B)(2).
 {¶ 24} Having dismissed Reinhard and Safeco Property 
Casualty Insurance Companies on Civ. R. 12(B)(2) grounds, the trial court was without jurisdiction to reach the merits of any claims for relief against those two Defendants. Consequently, the dismissals of the claims against Reinhard and Safeco Property 
Casualty Insurance Companies are not on the merits and are without prejudice to any new action against the proper defendants. Civ. R. 41(B)(4)(a).
 {¶ 25} The claims against Smith were dismissed on their merits pursuant to Civ. R. 56, on a finding that there existed no genuine issue of material fact concerning MacConnell's claims against Smith for breach of contract, defamation, conspiracy to breach a contract, conspiracy to defame, or bad faith. MacConnell argues that summary judgment was improper because, at that stage of the proceedings, he is not required to prove his case, but is only required "to allege facts which would support the existence of his cause of actions."
 {¶ 26} MacConnell is incorrect. In order to successfully defend against a motion for summary judgment, and once sufficient contradictory evidence was produced by the movant, MacConnell was required to produce evidence on any issue for which he would bear the burden of production at trial. Dresher v. Burt (1996),75 Ohio St.3d 280. MacConnell cannot "rest upon the mere allegations or denial of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." Chaney v.Clark Cty. Agricultural Soc. (1993), 90 Ohio App. 3d 421, 424.
 {¶ 27} Smith satisfied his Civ. R. 56 burden through his affidavit and the insurance policy. At that point, MacConnell had the burden to put forth evidence to establish a genuine issue of material fact. Instead, MacConnell relied on the allegations in his First Amended Complaint and his vague, conclusory affidavit. Consequently, summary judgment on MacConnell's claims against Smith was proper.
 {¶ 28} MacConnell also argues that the trial court erred in dismissing his defamation claims against Smith on a finding that Smith was not a party to the contract. MacConnell misinterprets the trial court's ruling. The trial court dismissed the breach of contract claims against Smith because he was not a party to the contract. The defamation claims were dismissed because MacConnell failed to put forth sufficient, credible evidence to preserve a genuine issue of material fact concerning his claim Smith made defamatory statements.
 {¶ 29} The first, second, fifth, and eighth assignments of error are overruled.
 {¶ 30} THIRD ASSIGNMENT OF ERROR
 {¶ 31} "THE CONDUCT OF THE TRIAL COURT AMOUNTED TO TAKING AN ADVERSARIAL ROLE."
 {¶ 32} MacConnell argues that the trial court improperly took an adversarial role by routinely taking the side of Defendants in telephone conferences and discovery rulings, issuing decisions with no findings of fact or conclusions of law, treating MacConnell "with total disgust and contempt", and receiving "significant campaign contributions from Appellee's law firm in her election campaign".
 {¶ 33} MacConnell fails to cite any evidence in the record that supports his argument that the trial court took an adversarial role. "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based. . . ." App. R. 12(A)(2). Moreover, the mere fact that the trial court denied a particular motion or request is insufficient to establish that the trial court took an adversarial role.
 {¶ 34} The only authority cited by MacConnell is Cottrell v.Ohio State Construction (1984), 16 Ohio App.3d 362. The facts ofCottrell are inapposite. In Cottrell, the defendant's answer was due on or before an April 19 deadline. On that morning, the trial court called counsel for the plaintiff and instructed him to file a motion for default judgment. On the following day, the defendant filed a motion for leave to plead, and the plaintiff filed a motion for default judgment. The trial court entered default judgment for the plaintiff. The Eighth District Court of Appeals reversed the trial court's judgment, finding that the trial court had taken an adversarial role because the court "in effect, placed itself in a position where it could not exercise its discretion since it was really implementing a decision it had already made when it instructed [the plaintiff] to move for default judgment." Id., at 364.
 {¶ 35} Unlike the party in Cottrell, MacConnell cannot point to any action of the trial court that rises to the level of "taking an adversarial role." In fact, the trial court granted MacConnell's motion for leave to file an amended complaint and allowed him fourteen days in which to do so. There is no evidence in the record that the trial court did anything to prevent MacConnell from filing his amended complaint within this fourteen-day period, or from requesting an extension of time.
 {¶ 36} MacConnell's third assignment of error appears to be an attempt to appeal the denial of his motion to recuse the trial court judge. Authority to pass upon the disqualification of a judge of the Court of Common Pleas is instead vested in the Chief Justice of the Ohio Supreme Court under Section 5(C) of ArticleIV of the Ohio Constitution. Beer v. Griffith (1978),54 Ohio St.2d 440.
 {¶ 37} MacConnell requested the trial court to recuse itself. The trial court refused, and MacConnell filed an affidavit of disqualification with the Ohio Supreme Court, which was denied by the Chief Justice. We have no authority to review the issue of the trial judge's alleged bias and prejudice. Beer v. Griffith
(1978), 54 Ohio St.2d 440; State v. Galluzo, Champaign App. No. 2004CA25, 2006-Ohio-309.
 {¶ 38} The third assignment of error is overruled.
 {¶ 39} FOURTH ASSIGNMENT OF ERROR
 {¶ 40} "COUNSEL FOR DEFENDANT SHOULD NOT HAVE BEEN DISMISSED NOR PERMITTED TO CONTINUE AS COUNSEL FOR DEFENDANT SAFECO WHEN HE WAS AN INDIVIDUAL PARTY AND HIS INTERESTS ARE IN ACTUAL IF NOT POTENTIAL CONFLICT WITH THAT OF HIS CLIENT."
 {¶ 41} MacConnell argues that Attorney Smith should have been disqualified from representing Safeco because of a conflict of interest and an appearance of impropriety. The trial court, in its March 2, 2005 decision, overruled these arguments, finding that no conflict of interest was apparent to the court, holding that Smith would be permitted to act as counsel until "it becomes evident that his continued representation would violate some disciplinary rule or ethical standard. [MacConnell] has not offered such information to this court. . . ."
 {¶ 42} MacConnell has failed to identify any record evidence demonstrating an actual conflict of interest or establishing a violation of a disciplinary rule or ethical standard. Moreover, MacConnell has not demonstrated any prejudice to him caused by the trial court's March 2, 2005 ruling, or by Smith's continued representation of Safeco. Ordinarily, the party whose interests are prejudiced is the party whom the attorney represents.
 {¶ 43} The fourth assignment of error is overruled.
 {¶ 44} SIXTH ASSIGNMENT OF ERROR
 {¶ 45} "WHETHER THE TRIAL COURT ERRED IN ENTERTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN APPELLANT'S DISCOVERY HAD ALL BEEN STAYED."
 {¶ 46} SEVENTH ASSIGNMENT OF ERROR
 {¶ 47} "WHETHER THE TRIAL COURT ERRED IN GRANTING A BLANKET STAY ON APPELLEE MOTION TO STAY DISCOVERY, WHEN A LIMITED STAY WOULD HAVE BEEN APPROPRIATE."
 {¶ 48} MacConnell's sixth and seventh assignments of error relate to the trial court's decision to grant a stay of discovery on MacConnell's extra-contractual claims. MacConnell argues that the trial court erred by granting summary judgment on the claims because he had been precluded from conducting discovery relating to the claims by the court's prior stay.
 {¶ 49} Defendants argue that MacConnell cannot raise this issue on appeal because the discovery order by the trial court is not final and appealable because it is an interlocutory order that cannot be appealed. Defendants are correct that a discovery order typically is an interlocutory order that is not immediately appealable. However, interlocutory orders are merged into the final judgment. Thus, an appeal from the final judgment includes all interlocutory orders merged with it. Shaffer v. OhioHealthCorp., 2004-Ohio-6523, at ___ 11-12. Otherwise, appellants arguably would be foreclosed from ever challenging the validity of discovery rulings.
 {¶ 50} Defendants filed their motions for summary judgment on February 4, 2005. On February 28, 2005, the trial court ordered a stay of discovery regarding MacConnell's non-contractual claims until after the trial court had ruled on Defendants' combined motions to dismiss and motion for summary judgment. At no time during the over four months between February 4, 2005 and the trial court's June 15, 2005 decision did MacConnell file a Civ. R. 56(F) request for discovery in order to defend against Defendants' motions for summary judgment.
 {¶ 51} "`Parties who find themselves in the position of having to respond to a motion for summary judgment before adequate discovery has been completed must seek their remedy through Civ. R. 56(F).' A party who fails to seek such relief does not preserve his right to challenge the adequacy of discovery upon appeal." Security National Bank Trust Co.,
2001-Ohio-1534 (citations omitted). A timely Civ.R. 56(F) motion would have allowed the trial court to decide whether its prior stay should be vacated. Because MacConnell did not seek a continuance pursuant to Civ. R. 56(F), he cannot now complain that the trial court should have granted additional discovery before deciding Defendants' motions for summary judgment.
 {¶ 52} The sixth and seventh assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Fain, J., concur.