[Cite as *Heltzel v. Verikakis*, 2022-Ohio-1764.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTOPHER HELTZEL, :

    Plaintiff-Appellant, :

                             No. 110866

    v. :

NICK VERIKAKIS, D/B/A,
V-BROTHERS PROPERTIES, ET AL., :

    Defendants-Appellees. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 26, 2022

---

Civil Appeal from the Lakewood Municipal Court
Case No. 2021-CVF-00362

---

### *Appearances:*

Christopher Heltzel, *pro se*.

Powers Friedman Linn, PLL, Robert G. Friedman, and
Rachel C. Cohen, *for appellees*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Christopher Heltzel ("Heltzel"), appeals an order from the Lakewood Municipal Court granting summary judgment in favor of defendant-appellee, Nick Verikakis, d.b.a. V-Brothers Properties L.L.C. ("Verikakis"

or "V-Brother Properties") and Powers Friedman Linn, P.L.L. ("Powers").  Heltzel claims the following errors:

> 1.  The trial court erred when it granted defendant-appellee's motion for summary judgment that it previously nullified by denying the party leave to file.
>
> 2.  The trial court erred when it dismissed plaintiff-appellant's claim after refusing to join a person needed for just adjudication in accordance with Civ.R. 19.

{¶ 2} We affirm the trial court's judgment.

## I.  Facts and Procedural History

{¶ 3} In July 2017, Heltzel signed a lease agreement with V-Brothers Properties to rent an apartment in Lakewood, Ohio.  The lease term was for one year beginning on or about July 1, 2017, and ending on June 30, 2018.  Heltzel remained in the apartment for three and one-half years.  In July 2018 and July 2019, Verikakis asked Heltzel to sign a "Lease Renewal Acknowledgement Addendum," twice extending the lease for an additional one-year term and increasing the rent by $50 per month.  Heltzel alleged in the complaint that he never signed the Lease Renewal Acknowledgement Addendums in either 2018 or 2019, but he paid the increased rents for those years.

{¶ 4} In July 2020, V-Brothers Properties again asked Heltzel to sign a "Lease Renewal Acknowledgment Addendum."  As in previous years, the addendum increased the monthly rent by $50 per month and extended the lease for "an additional One-Year term."  (Complaint ¶ 14.)  The 2020 addendum was nearly

identical to the 2018 and 2019 addendums, but the 2020 addendum included the following new provision:

> NOTE: Unless we receive this form back signed, leasing will be considered "Month-to-Month" and rent increase will be $200 additional until we find and secure a qualified and approved by us new tenant.
>
> Therefore, unless notified otherwise, the Lease shall continue to Automatically renew on a Year-to-Year basis thereafter * * * until either party shall terminate by giving the other party <u>sixty (60) days minimum written notice prior to the end of each term</u>.  Per lease page 1.
>
> * * *
>
> (THIS FORM MUST BE RETURNED SIGNED EVERY 3-YEARS.  WE DO NOT ACCEPT "MONTH-TO-MONTH" TENANCY.)

(Complaint, ex. D, emphasis in original.)  Heltzel signed the addendum extending the lease for an additional year on August 1, 2020.

{¶ 5} On December 3, 2020, Heltzel emailed Verikakis to inform him that he intended to move out of the apartment by February 1, 2021, and that he could be out as early as January 1, 2021, if necessary, to accommodate a new tenant.  (Complaint ¶ 18.)  V-Brothers Properties emailed a response to Heltzel.  The subject line of the email indicated it was V-Brother Properties' "Reply to your 'early lease termination' notice."  (Complaint ex. F.)  The email stated, in relevant part:

> According to your current Lease; you are to notify [sic] us **Sixty (60) days** minimum **written notice** prior to the end of the Lease; (that is by **June 1, 2021** or sooner).  See Lease dated **July 23, 2017**.  This means **your current Lease ends: July 31, 2021** since you signed a One-Year automatic Lease Renewal.  Thus, we expect to continue receiving rent payments until that day.

**Therefore**, in compliance with the Lease; you are free to vacate at any time prior to the end of the Lease term provided that **you must continue paying the rent as scheduled per Lease** until **JULY 31, 2021**.

**However**, although your lease is ending on July 31, 2021; I'm sure we could work together to help you achieve your goal of moving out early but at the same time avoid causing us any **"Loss-of-Rent"** damages in that process.

If you wish to avoid paying rent and move out anytime sooner; we would gladly **help** you out by advertise [sic] your **Suite "FOR RENT"** and **if you allow us** to schedule showing appointments to future prospective new tenants after giving you **24-hours notice**, we hope to be able to find a new resident soon as long as the apartment is in the showing condition. **Please remember** that **we cannot guarantee** that we'll find a qualified new resident by a certain month since there're a lot of factors involved, such as (during winter, Holidays, Corona Virus Pandemic, etc.) that discourage people to relocate.

(Complaint, ex. F, emphasis in original.)

{¶ 6} Heltzel moved out of the apartment in January 2021. Two months later, in March 2021, Heltzel filed an action against Verikakis, individually, seeking recovery of his security deposit as well as costs and attorney fees associated with prosecuting the suit. Heltzel alleged that he sued Verikakis in his individual capacity because "V-Brothers Properties, L.L.C. is not a limited liability company registered to do business in Ohio." (Complaint ¶ 7.) Heltzel also sued Powers, the law firm retained by V-Brothers Properties to collect a balance that Heltzel owed to Brothers Properties for unpaid rent, "so that it may defend any interest related to this matter that Mr. Verikakis may have assigned to it." (Complaint ¶ 2.)

{¶ 7} The defendants filed a timely answer to the complaint. They also filed a motion for summary judgment on all claims against Verikakis and Powers

(collectively "defendants"), arguing that V-Brothers Properties did not return Heltzel's security deposit because Heltzel breached the lease renewal by vacating the premises six months before his contractual obligation expired and because Heltzel owed ongoing rent. Defendants argued that Heltzel improperly named Verikakis in his individual capacity since Verikakis executed the lease on behalf of V-Brothers Properties, and there is no evidence that Verikakis, acting as an agent of V-Brothers Properties, made the contract binding on himself individually. Defendants also argued that Heltzel improperly named Powers as a defendant because there is no evidence that V-Brothers Properties assigned its claim for unpaid rent to Powers.

{¶ 8} In May 2021, V-Brothers Properties filed a complaint for money damages due on Heltzel's account in a separate action, *V-Brothers Properties, L.L.C. v. Heltzel*, Lakewood M.C. No. 2021 CVE 680. The two cases were consolidated for pretrial purposes. In August 2021, Heltzel filed a motion to join V-Brothers Properties as a party defendant in *Heltzel v. Verikakis*, Lakewood M.C. No. 2021 CVF 362, the case he initiated against Verikakis and Powers. In the motion for joinder, Heltzel explained that he did not name V-Brothers Properties as a defendant in the complaint because he mistakenly believed "[it] was not a limited liability company registered to do business in the state of Ohio." (Plaintiff's motion for joinder, p. 1.)

{¶ 9} At a pretrial hearing on June 4, 2021, the court noted on the record that the defendants' motion for summary judgment was not properly before the court because the defendants did not request leave to file a motion for summary judgment,

in violation of Civ.R. 56(A), when the case was set for a pretrial. (Tr. 9.) Thereafter, V-Brothers Properties filed a motion for leave to file a motion for summary judgment.[1]

**{¶ 10}** The trial court initially denied the motion for leave but later granted defendants' motion for summary judgment and denied Heltzel's motion for joinder. In its judgment entry, the court explained, in relevant part:

> The issue before this court is not the validity of any claim raised by the plaintiff in his complaint, but whether the named defendants are legally liable for any claim alleged in the plaintiff's complaint. With regard to the defendant law firm[,] the only reference in the plaintiff's complaint is a letter from the law firm attempting [to] collect and/or resolve the dispute before filing a civil action. * * * The plaintiff does not allege any wrongful conduct by the defendant law firm, by letter or otherwise, in the complaint. Moreover, in the response to the defendant's motion for summary judgment, the plaintiff concedes "no claim is alleged against Powers Friedman Linn," but asserts the law firm was named as a defendant for any future conduct by the law firm that might be actionable. * * * As such, the plaintiff concedes that the law firm was improperly named as a party and there is no claim against the law firm.
>
> With respect to the remaining defendant, the plaintiff also concedes that defendant Nick Verikakis was mistakenly named as a defendant. Although the plaintiff named defendant Nick Verikakis personally as doing business as V-Brothers Properties, the plaintiff recognized in his response to the summary judgment motion that V-Brothers Properties is a limited liability corporation. In his brief in opposition to the summary judgment[,] the plaintiff refers to V-Brothers Properties, LLC as the defendant's "alter ego."
>
> As a general rule, when a party enters into a contract with a corporation, liability is limited to the corporation itself and does not

---

[1] V-Brothers Properties was not a party to the lawsuit brought by Heltzel against Verikakis and Powers. However, the case number included in the caption was the case number assigned to Heltzel's case, and the motion was clearly filed in response to the court's comments on the record at the June 4, 2021 hearing that leave was required in order to file a motion for summary judgment. And, as previously stated, the two cases were consolidated for pretrial purposes. (Journal entry dated June 7, 2021.)

extend to personal liability of the officers, agents, or employees for the debts or obligations of the corporation. *Dombroski v. Wellpoint*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538. * * *

(Aug. 31, 2021, journal entry pp. 1-2.) The court further explained that while there are exceptions to the general rule, none of the exceptions were applicable in this case and, therefore, Verikakis could not be held personally liable on Heltzel's claim that V-Brothers Properties wrongfully withheld his security deposit.

{¶ 11} The court also explained its reasons for denying Heltzel's motion for joinder, stating, in relevant part:

Moreover, on August 12, 2021, the plaintiff filed a motion to join V-Brothers Properties, LLC as a separate defendant, recognizing the absence of any liability against Nick Verikakis in this case. As the plaintiff was advised at the pretrial conference on August 27, 2021, the proper procedure is to seek leave to file a counterclaim in V-Brothers Properties, LLC v. Heltzel, Case No. 2021 CVE 680 and providing the plaintiff in that case the opportunity to raise any objections.

{¶ 12} Thus, the trial court granted summary judgment in favor of the two named defendants, Verikakis and Powers. Heltzel now appeals the trial court's judgment.

## II. Law and Analysis

### A. Summary Judgment

{¶ 13} In the first assignment of error, Heltzel argues the trial court erred in granting defendants' motion for summary judgment after denying the defendants leave to file a motion for summary judgment.

{¶ 14} As previously stated, the trial court stated on the record at the June 4, 2021 pretrial conference that although the defendants filed a motion for summary

judgment, the motion was not properly before the court because the defendants had not sought leave to file the motion. (Tr. 9.) Thereafter, a motion for leave to file the summary judgment was filed in the name of V-Brothers Properties. Although V-Brothers Properties was not named as a party to the case, the motion was filed under the case number in *Heltzel v. Verikakis*, Lakewood M.C. No. 2021 CVF 362, the suit filed by Heltzel. Case No. 2021 CVF 362 was consolidated with Lakewood M.C. No. 2021 CVF 680, the case initiated by V-Brothers Properties, for pretrial purposes, and the motion was filed in response to the court's comments at the June 4, 2021 hearing in which the court instructed the parties of the need to seek leave to file a motion for summary judgment. The court initially overruled the motion for leave because it was unclear to which case the motion applied, but it subsequently ruled on the motion for summary judgment and thereby implicitly granted the defendants leave to file the motion.

{¶ 15} A trial court possesses inherent authority and discretion to control its own docket. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 26. A trial court also retains inherent authority to reconsider its interlocutory orders any time before it enters a final judgment. *Nilavar v. Osborn*, 137 Ohio App.3d 469, 499, 738 N.E.2d 1271 (2d Dist. 2000); *Phillips v. Mufleh*, 95 Ohio App.3d 289, 293, 642 N.E.2d 411 (6th Dist. 1994). And, a motion for leave to file a motion for summary judgment is an interlocutory order because it is not a final, appealable order under R.C. 2505.02. *Cottrell v. Ohio State Constr.*, 16 Ohio App.3d 362, 365, 476 N.E.2d 729, (8th Dist.1984), fn. 1 (Jackson,

J., dissenting.). Therefore, the trial court was free to reconsider its prior judgment overruling the denial of the defendants' motion for leave to file a motion for summary judgment.

{¶ 16} We review the trial court's decision to grant leave to file a summary judgment motion for abuse of discretion. *United States Bank Natl. Assn. v. MMCO, L.L.C.*, 8th Dist. Cuyahoga No. 110246, 2021-Ohio-4605, ¶ 87. "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19. An abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Vannucci v. Schneider*, 2018-Ohio-1294, 110 N.E.3d 716, ¶ 22 (8th Dist.).

{¶ 17} Defendants complied with Civ.R. 56(A) by requesting leave to file the motion for summary judgment. Although defendants included the name of the wrong party in the caption, the motion was filed under the correct case number. Moreover, Heltzel filed a brief in response to the defendants' motion and, therefore, had an opportunity to be heard in opposition. We, therefore, find that the trial court acted within its discretion when it ruled on the motion for summary judgment, and we now turn to the merits of the motion itself.

**{¶ 18}** We review a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

**{¶ 19}** On its face, the complaint fails to state a claim for relief against Powers. As the trial court observed, Heltzel does not allege that Powers committed any wrongful conduct. Indeed, Heltzel admitted in his brief in opposition to the motion for summary judgment that "no claim is alleged against Powers Friedman Linn." Therefore, the trial court properly granted summary judgment in favor of Powers.

**{¶ 20}** Heltzel also conceded in his brief in opposition that he named Verikakis in his individual capacity by mistake and acknowledged that he should have named V-Brothers Properties as defendant in his stead. Heltzel explained that he named Verikakis instead of V-Brothers Properties because he erroneously

believed that V-Brothers Properties was not a registered limited liability company at the time he filed the complaint. He further stated that at the time he filed the brief in opposition, he had become aware that the limited liability company was registered in 2011, with Verikakis as both a member and as its registered agent. Heltzel nevertheless contends that Verikakis is still personally liable.

{¶ 21} When a party enters into a contract with a corporation, liability is generally limited to the corporation itself and does not extend to the personal liability of the corporation's shareholders, officers, or directors. *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16, citing Article XIII, Section 3, Ohio Constitution; *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1993).

{¶ 22} However, when a shareholder misuses the corporate form as a shield from liability for personal misdeeds, Ohio law allows claimants to pierce the corporate veil as a rare exception to the principles of limited shareholder liability. *Id.* at ¶ 17, 26, citing *Belvedere* at 287. "Piercing the corporate veil is a judicial act that imposes personal liability on otherwise immune corporate officers, directors, or shareholders for the corporation's wrongful acts." *United States Bank Natl. Assn.*, 8th Dist. Cuyahoga No. 110246, 2021-Ohio-4605, at ¶ 58.

{¶ 23} In *Belvedere*, the Ohio Supreme Court established a three-part test for determining whether to pierce the corporate veil. *Belvedere* at 288-289. "This test focuses on the extent of the shareholder's control of the corporation and whether the shareholder misused the control so as to commit specific egregious acts that

injured the plaintiff[.]" *Dombroski* at ¶ 18. In *Dombroski*, the Ohio Supreme Court, applying *Belvedere*, held that the corporate form may be disregarded, and individual shareholders held liable for wrongs committed by the corporation if it is demonstrated that

> "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong."

*Dombroski* at ¶ 18, quoting *Belvedere* at paragraph three of the syllabus.

{¶ 24} Heltzel did not allege any of the elements necessary to pierce the corporate veil, nor is there any evidence to support any of the elements. There is, therefore, no basis on which the trial court could hold Verikakis personally liable for V-Brothers Properties' alleged failure to return Heltzel's security deposit, and the trial court properly granted summary judgment in favor of Verikakis.

{¶ 25} The first assignment of error is overruled.

### B. Motion for Joinder

{¶ 26} In the second assignment of error, Heltzel argues the trial court erred in dismissing his claim after refusing to join a party necessary for adjudication in accordance with Civ.R. 19. He contends he should have been granted leave to join V-Brothers Properties as a defendant in his case, *Heltzel v. Verikakis*, Lakewood M.C. No. 2021 CVF 362.

{¶ 27} Civ.R. 19(A) governs the joinder of parties if feasible and states:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).

{¶ 28} An indispensable party is defined as

"one whose absence seriously prejudices any party to the action or prevents the court from rendering any effective judgment between the parties, or is one whose interests would be adversely affected or jeopardized by the judgment rendered between the parties to the action. Mere avoidance of multiple litigation is not a sufficient basis to render one an indispensable party."

*Englehart v. C.T. Taylor Co.*, 9th Dist. Summit C.A. NO. 19325, 1999 Ohio App. LEXIS 5829, 2 (Dec. 8, 1999), quoting *Layne v. Huffman*, 43 Ohio App.2d 53, 59, 333 N.E.2d 147 (10th Dist.1974); *see also Sciko v. Cleveland Elec. Illum. Co.*, 83 Ohio App.3d 660, 615 N.E.2d 674 (1992).

{¶ 29} The trial court advised Heltzel at a pretrial conference on August 27, 2021, that "the proper procedure is to seek leave to file a counterclaim in *V-Brothers Properties, L.L.C. v. Heltzel*, Lakewood M.C. No. 2021 CVE 680 and providing the plaintiff in that case the opportunity to raise objections." (Aug. 31, 2021, journal entry p. 2.) Therefore, Heltzel was not prejudiced by the court's refusal to join V-Brothers Properties as a defendant in *Heltzel v. Verikakis*, Lakewood M.C. No. 2021 CVF 362, because he could pursue his claim for relief in the companion case brought

against Heltzel by V-Brothers Properties in *V-Brothers Properties L.L.C. v. Heltzel*, Lakewood M.C. No. 2021 CVF 680. Because Heltzel had a viable avenue for seeking relief against V-Brothers Properties, V-Brothers Properties was not an indispensable party in Heltzel's case against Verikakis and Powers. We, therefore, cannot say that the trial court abused its discretion in denying Heltzel's motion for joinder in *Heltzel v. Verikakis*, Lakewood M.C. No. 2021 CVF 362.

{¶ 30} The second assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Lakewood Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MARY J. BOYLE, J., CONCUR